Nicholas J. Henderson, WSB#44626
nhenderson@portlaw.com
Troy G. Sexton, WSB #48826
tsexton@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

The Honorable Paul B. Snyder
Chapter 11 Proceeding

## UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>**Thuy Lien Hoang; and<br>Mark Joseph Hubbard**<br><br>Debtor. | Case No. 14-45786<br><br>DEBTORS' DISCLOSURE STATEMENT<br>DATED MARCH 26, 2015 |

## I.    INTRODUCTION

This is the disclosure statement (the "Disclosure Statement") in the individual Chapter 11 case of Thuy Lien Hoang and Mark Joseph Hoang (the "Debtors").  This Disclosure Statement contains information about the Debtors and describes the Debtors' Plan of Reorganization Dated March 26, 2015 (the "Plan") filed by Debtors.  A full copy of the Plan is attached to this Disclosure Statement as **Exhibit A**.

*YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THE PLAN AND THIS DISCLOSURE STATEMENT CAREFULLY AND DISCUSS THEM WITH YOUR*

Page 1 – DEBTORS' DISCLOSURE STATEMENT

*ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.*

The proposed distributions under the Plan are discussed at pages 7-9 of this Disclosure Statement. General unsecured creditors not entitled to priority treatment are classified in Class 3 of the Plan, and will receive distributions as set forth in Section III C (3) below.

## A. Purpose of This Document

This Disclosure Statement describes:

- The Debtors and significant events during the bankruptcy case;
- How the Plan proposes to treat claims or equity interests of the type you hold (i.e., what you will receive on your claim or equity interest if the plan is confirmed);
- Who can vote on or object to the Plan;
- What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan;
- Why the Debtors believe the Plan is feasible, and how the treatment of your claim or interest under the Plan compares to what you would receive on your claim or interest in liquidation; and
- The effect of confirmation of the Plan.

And includes the following exhibits:

EXHIBIT A:   Debtors' Proposed Plan of Reorganization
EXHIBIT B:   Identity and Market Values of Debtors' Assets
EXHIBIT C:   Debtors' Recent Pre-Confirmation Financial Statements
EXHIBIT D:   Debtor's Projected Income and Expenses After Confirmation
EXHIBIT E:   Liquidation Analysis

Be sure to read the Plan as well as the Disclosure Statement.  This Disclosure Statement describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights.

**The only representations that are authorized by the debtors concerning the Debtors, the value of its assets, the extent of their liabilities, or any facts material to the Plan are representations contained in this Disclosure Statement, the Schedules, the Statement of Financial Affairs, and the monthly financial reports filed with the Court. No representations concerning this Plan or the Debtors, other than those contained in this Disclosure Statement, the Schedules, the Statement of Financial Affairs, and the monthly financial reports filed with the Court should be relied upon.  Any other representations**

Page 2 – DEBTORS' DISCLOSURE STATEMENT

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

should be reported to Nicholas J. Henderson, attorney for the Debtors in Possession, for referral to the Court for appropriate action.

### B. Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing

The Court has not yet confirmed the Plan described in this Disclosure Statement. This section describes the procedures pursuant to which the Plan will or will not be confirmed.

#### 1. Time and Place of the Hearing to Confirm the Plan

The hearing at which the Court will determine whether to confirm the Plan will take place on _____, at _____, in Courtroom _____, at the United States Bankruptcy Court, 1717 Pacific Avenue, Tacoma, WA 98402.

#### 2. Deadline For Voting to Accept or Reject the Plan

If you are entitled to vote to accept or reject the plan, vote on the enclosed ballot and return the ballot in the enclosed envelope to Nicholas J. Henderson, Attorney for Debtor, 117 SW Taylor Street, Suite 200, Portland, OR 97204. See section IV.A. below for a discussion of voting eligibility requirements.

Your ballot must be received by _____, 2015, or it will not be counted.

#### 3. Deadline For Objecting to Confirmation of the Plan.

Objections to confirmation of the Plan must be in writing and must be filed with the Clerk of the Bankruptcy Court and served on counsel for Debtors on or before the deadline specified in the Order accompanying this Disclosure Statement. Counsel for Debtors, on whom objections must be served, is Nicholas J. Henderson, Motschenbacher & Blattner, LLP, 117 SW Taylor Street, Suite 200, Portland, OR 97204; facsimile: (503) 417-0528; email: nhenderson@portlaw.com.

#### 4. Identity of Person to Contact for More Information

If you want additional information about the Plan, you should contact Counsel for Debtors, Nicholas J. Henderson, Motschenbacher & Blattner, LLP, 117 SW Taylor Street, Suite 200, Portland, OR 97204; Phone: (503) 417-0508; Facsimile: (503) 417-0528; email: nhenderson@portlaw.com.

/ / / /

/ / / /

Page 3 – DEBTORS' DISCLOSURE STATEMENT

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

### C. Disclaimer

If accompanied by a Court Order stating that the Court has conditionally approved this Disclosure Statement, then the Court has conditionally approved this Disclosure Statement as containing adequate information to enable parties affected by the Plan to make an informed judgment about its terms. If no order accompanies this Disclosure Statement, then the Court has not conditionally approved this Disclosure Statement. The Court has not yet determined whether the Plan meets the legal requirements for confirmation, and the fact that the Court has approved this Disclosure Statement does not constitute an endorsement of the Plan by the Court, or a recommendation that it be accepted. The Court's approval of this Disclosure Statement is subject to final approval at the hearing on confirmation of the Plan..

## II. BACKGROUND

### A. Description and History of the Debtors and Events Leading to Bankruptcy.

The Debtors, Thuy Lien Hoang and Mark Joseph Hubbard, are spouses. In 2011, the Debtors started an urgent care clinic in Southeast Portland, Oregon. The clinic was owned and operated in a limited liability company called MLC Urgent Care, LLC. The Debtors held two-thirds of the membership interest in the LLC, and the other one-third of the LLC membership interest was owned by Chris Berberian. The Debtors and Mr. Berberian personally guaranteed a majority of the LLC's debts. All three of the LLC's members were licensed physicians, and all three members initially worked at the clinic full time.

In 2013, the clinic experienced cash flow problems, and Chris Berberian withdrew from the LLC and ceased his employment at the clinic. To support the Debtors' household, Debtor Thuy Lien Hoang obtained employment with Providence Medical Group, but continued working at the clinic as much as possible. Debtor Mark Hubbard continued working at the clinic full-time, in an effort to grow the business and its profits. However, in 2013, Mark Hubbard became ill, and was no longer able to continue working at the clinic. The clinic eventually closed, and Mark Hubbard was forced to let his medical license go into "inactive" status, as his medical condition prevented him from maintaining an active license. Without Mark Hubbard's income, and with a substantial amount of business debt they had personally guaranteed, the Debtors are unable to meet their monthly obligations.

Page 4 – DEBTORS' DISCLOSURE STATEMENT

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

**B. Insiders of the Debtor.**

There are no insiders other than the Debtors themselves.

**C. Management of the Debtor Before and During the Bankruptcy.**

During the two years prior to the date on which the bankruptcy petition was filed, and at all times since the filing of the petition, the Debtors Mark Hubbard and Thuy Lien Hoang have exclusively managed their business affairs.

After the effective date of the order confirming the Plan, the Debtors shall continue to exclusively manager their business affairs.

**D. Significant Events During the Bankruptcy Case.**

The following is a list of significant events that have occurred since the petition:

| Date | Event |
|---|---|
| 10/29/2014: | Commencement of case under Chapter 11 of the Bankruptcy Code; |
| 11/12/2014: | Application to Employ Nicholas J. Henderson, and the law firm of Motschenbacher & Blattner LLP and filed; |
| 11/13/2014: | Order Authorizing Employment of Motschenbacher & Blattner LLP entered by the Bankruptcy Court; |
| 12/2/2014: | Meeting of Creditors was held by the United States Trustee; |
| 12/12/2014: | Monthly Financial Report for November 2014 filed; |
| 1/19/2015: | Monthly Financial Report for December 2014 filed; |
| 1/25/2015: | Adversary Proceeding Complaint filed by Debtors against U.S. Bank, N.A., to determine the validity, priority and extent of 2nd mortgage lien against the Debtors' personal residence; |
| 2/17/2015: | Monthly Financial Report for January 2015 filed; |
| 3/11/2015: | Monthly Financial Report for February 2015 filed; |
| 3/20/2015: | Adversary Proceeding against U.S. Bank, N.A dismissed with prejudice; |
| 3/26/2015: | Plan and Disclosure Statement filed. |

Page 5 – DEBTORS' DISCLOSURE STATEMENT

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

### E.  Projected Recovery of Avoidable Transfers.

The Debtors do not anticipate pursuing any preference, fraudulent conveyance, or other avoidance actions.

### F.  Claims Objections.

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtors reserve the right to object to claims.  Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld.  The procedures for resolving disputed claims are set forth in Article V of the Plan.

### G.  Current and Historic Financial Conditions.

The identity and fair market value of the estate's assets are listed in **Exhibit B**.  The specified asset values were determined by the Debtors, after examining the book values of the assets, and after briefly surveying comparable property in the nearby area.

The Debtors' recent monthly operating reports for the months of November, December, January and February are attached hereto as **Exhibit C**.

### III.  SUMMARY OF THE PLAN OF REORGANIZATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS.

### A.  What is the Purpose of the Plan of Reorganization?

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive.  The Plan also states whether each class of claims or equity interests is impaired or unimpaired.  If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

### B.  Unclassified Claims

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan.  They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code.  As such, the Debtors have not placed the following claims in any class:

### 1.  Administrative Expenses

Administrative expenses are costs or expenses of administering the Debtors' Chapter 11 case which are allowed under § 507(a)(2) of the Code.  Administrative expenses also include the value of any goods sold to the Debtors in the ordinary course of business and received within 20

Page 6 – DEBTORS' DISCLOSURE STATEMENT

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

days before the date of the bankruptcy petition.  The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists the Debtors' estimated administrative expenses, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business After the Petition Date | NONE | Paid in full on the effective date of the Plan, or according to terms of obligation if later. |
| The Value of Goods Received in the Ordinary Course of Business Within 20 Days Before the Petition Date | NONE | Paid in full on the effective date of the Plan, or according to terms of obligation if later. |
| Professional Fees, as approved by the Court. | $20,000 (estimated) | Paid in full on the effective date or according to a separate written agreement after such fees have been approved by the Court |
| Clerk's Office Fees | NONE | Paid in full on the effective date of the Plan |
| Other administrative expenses | NONE | Paid in full on the effective date of the Plan or according to separate written agreement |
| Office of the U.S. Trustee Fees | $650 | Paid in full on the effective date of the Plan or when due |
| TOTAL | $20,650 | |

## 2.  Priority Tax Claims

Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code.  Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

The following chart lists the Debtors' estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan:

| Description (name and type of tax) | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| NONE | N/A | | N/A |

Page 7 – DEBTORS' DISCLOSURE STATEMENT

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

### C.  Classes of Claims and Equity Interests

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan.

#### 1.  Classes of Secured Claims

Allowed Secured Claims are claims secured by property of the Debtors' bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code.  If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

The following chart lists all classes containing Debtors' secured prepetition claims and their proposed treatment under the Plan:

| Class | Description | Impairment | Collateral / Treatment |
|---|---|---|---|
| 1A | U.S. Bank, N.A. / Select Portfolio Servicing | Unimpaired | The claim of U.S. Bank, N.A. / Select Portfolio Servicing related to account number ending in 3783 is unimpaired, and shall be paid pursuant to the contract or in advance of the contractual obligation. |
| 1B | U.S. Bank, N.A. | Impaired | The claim of U.S. Bank, N.A., related to account number ending in 4511 is impaired. Any post-petition deficiency will be paid in full on or before the effective date of the Plan and will bear no interest. Ongoing payments shall be paid pursuant to the contract or in advance of the contractual obligation. |

#### 2.  Classes of Priority Unsecured Claims

Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes.  The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment.

Page 8 – DEBTORS' DISCLOSURE STATEMENT

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

Other than Priority Tax Claims, described above, the Debtors do not have any Priority Unsecured Claims.

### 3. Classes of General Unsecured Claims

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. The Plan specifies 2 classes of general unsecured claims.

Class 2 shall consist of all allowed general unsecured claims. The following chart identifies the Plan's proposed treatment of Class 3:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 2 | Discover Section 523 Unsecured Class | Impaired | Class 2 is comprised of $4,979.92 of the general unsecured claim of Discover Bank NA as allowed under § 502 of the Code. This is the amount of Discover Bank's general unsecured claim that Discover contends is non-dischargeable under § 523(2)(C) of the Code. Class 2 will be paid in full on or before the 180th day following the effective date of the plan and will bear no interest. |
| 3 | General Unsecured Class | Impaired | Class 3 is comprised of all general unsecured claims allowed under § 502 of the Code that are not part of Class 2. The total amount to be paid to Class 3 creditors will be $105,000. Prorata disbursements will be made annually, on the anniversary date of the effective date of the plan, beginning in 2016. Disbursements shall be made in amounts to be determined by the Reorganized Debtors after reserves for personal living expenses for the ensuing year. The final disbursement to Class 3 claims shall be made no later than the 72 months after the effective date of plan. Class 3 claims bear no interest. The Reorganized Debtors may, at their option, pay the entire amount due to Class 3 creditors at any time post-conformation from exempt funds. |

### 4. Classes of Equity Interest Holders

Page 9 – DEBTORS' DISCLOSURE STATEMENT

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. In a partnership, equity interest holders include both general and limited partners. In a limited liability company ("LLC"), the equity interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtors are the Interest holders.

The following chart sets forth the Plan's proposed treatment of the class of equity interest holders:

| Class # | Description | Impairment | Treatment |
|---------|-------------|------------|-----------|
| 4 | Interests of the individual Debtors. | Unimpaired | The Class 4 individual Debtors shall retain all of their rights. |

***The above is intended only as a summary and brief description of the Plan. Many of the operative provisions of the Plan that may affect the treatment of specific claims may have been omitted from this brief description. Therefore, the Plan should be read fully and carefully to determine how a specific claim is to be treated under the Plan.***

### D. Means of Implementing the Plan

The Reorganized Debtors generate the funds necessary to make the payments under the Plan through Debtor Thuy Lien Hoang's continued employment. Additionally, Debtor Mark Hubbard will seek employment as soon as he is medically able to do so. The details of their projected income and expenses are shown in **Exhibit D**. Other than Mark Hubbard's intention to return to employment when he is medically able to do so, the Debtors not anticipate making any significant changes to their household budget during the life of the Plan.

The Debtors, creditors, and interest holders will take all actions and execute whatever documents are necessary and appropriate to effectuate the terms of the Plan.

### E. Risk Factors

This Disclosure Statement contains statements that are based on projected financial estimates, and therefore involve risks and uncertainty. Such risks and uncertainty include, but are not limited to, the risk that the Debtors' income and expense projections are erroneous, and

Page 10 – DEBTORS' DISCLOSURE STATEMENT

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

the risk that Debtor Thuy Lien Hoang's employment income ceases or is reduced. Creditors and equity interest holders should carefully consider these risks when evaluating the Plan.

### F. Executory Contracts and Unexpired Leases

The Plan, in Article VI, lists all executory contracts and unexpired leases that the Debtors will assume under the Plan. Assumption means that the Debtors have elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code, if any. Article VI also lists how the Debtors will cure and compensate the other party to such contract or lease for any such defaults.

If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time.

All executory contracts and unexpired leases that are not listed in Article VI will be rejected under the Plan. Consult your adviser or attorney for more specific information about particular contracts or leases.

If you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

### G. Tax Consequences of Plan

***Creditors and Interest Holders Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, and/or Advisors.***

The following discussion summarizes in general terms certain federal income tax consequences of the implementation of the Plan based upon existing provisions of the Internal Revenue Code of 1986, as amended (the "Internal Revenue Code"), court decisions, and current administrative rulings and practice. This summary does not address the federal income tax consequences of the Plan to holders of priority or secured claims, nor does it address any state, local or foreign tax matters or the federal income tax consequences to certain types of creditors (including financial institutions, life insurance companies, tax exempt organizations and foreign taxpayers) to which special rules may apply. No rulings or opinions have been or will be requested from the Internal Revenue Service with respect to any of the tax aspects of the Plan.

Page 11 – DEBTORS' DISCLOSURE STATEMENT

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

THIS ANALYSIS DOES NOT ADDRESS THE TAX IMPLICATIONS OF THE PLAN TO ANY SPECIFIC CREDITOR. Substantial differences in the tax implications are likely to be encountered by the creditors because of the difference in the nature of their Claims, their taxpayer status, their method of accounting, and the impact of prior actions they may have taken with respect to their Claims.

The following are the anticipated tax consequences of the Plan:

### 1. Tax Consequences to the Debtors.

The Debtors do not anticipate any extraordinary or unusual tax consequences. They will experience ordinary income from employment. They will experience ordinary expenses for any business related expenses, and interest expense. Debt reduction will be a capital (non-deductible) expense. The Class 1B and Class 3 claims will be discharged during the bankruptcy proceeding. As a result, there will be no income resulting from the substantial debt forgiveness.

### 2. General Tax Consequences on Creditors.

Creditors will not experience any unusual or extraordinary tax consequence following Confirmation of the Plan. Payments will be treated in the same manner as they were treated before Confirmation of the Plan. As discussed above, the effect of the Plan on specific creditors will depend on specific financial information relative to such creditor that is unknown to the Debtors. As a result, the tax implications to specific creditors cannot be completely described herein.

THE OPINIONS SET FORTH IN THIS DISCLOSURE STATEMENT ARE STRICTLY THOSE OF THE DEBTORS AND/OR THEIR TAX ADVISORS. THE PLAN MAY HAVE TAX CONSEQUENCES TO CREDITORS. TAXING AUTHORITIES ARE NOT BOUND BY THIS DISCLOSURE STATEMENT OR THE DEBTORS' OPINIONS REGARDING TAX CONSEQUENCES OF THE PLAN.

### IV.    CONFIRMATION REQUIREMENTS AND PROCEDURES

To be confirmable, the Plan must meet the requirements listed in §§ 1129(a) or (b) of the Code.  These include the requirements that:  the Plan must be proposed in good faith; at least one impaired class of claims must accept the plan, without counting votes of insiders; the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest

Page 12 – DEBTORS' DISCLOSURE STATEMENT

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

holder votes to accept the Plan; and the Plan must be feasible. These requirements are not the only requirements listed in § 1129, and they are not the only requirements for confirmation.

## A. Who May Vote or Object

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. A party in interest has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes and (2) impaired.

In this case, the Plan Proponent believes that classes 2 are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan. The Plan Proponent believes that classes 3 are unimpaired and that holders of claims in each of these classes, therefore, do not have the right to vote to accept or reject the Plan.

### 1. What Is an Allowed Claim or an Allowed Equity Interest?

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either (1) the Debtors have scheduled the claim on the Debtors' schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or (2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest. When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

**The deadline for filing a proof of claim in this case is _____, 2015.**

### a. What is an Impaired Claim or Impaired Equity Interest?

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is impaired under the Plan. As provided in § 1124 of the Code, a class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

/ / / /

Page 13 – DEBTORS' DISCLOSURE STATEMENT

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

### b. Who is Not Entitled to Vote

The holders of the following types of claims and equity interests are not entitled to vote:

- holders of claims and equity interests that have been disallowed by an order of the Court;

- holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes.

- holders of claims or equity interests in unimpaired classes;

- holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code; and

- holders of claims or equity interests in classes that do not receive or retain any value under the Plan;

- administrative expenses.

### c. Who Can Vote in More Than One Class

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

### B. Votes Necessary to Confirm the Plan

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "cram down" on non-accepting classes, as discussed in Section B.2, below.

### 1. Votes Necessary for a Class to Accept the Plan

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

Page 14 – DEBTORS' DISCLOSURE STATEMENT

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

### a. Treatment of Nonaccepting Classes

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner prescribed by § 1129(b) of the Code. A plan that binds nonaccepting classes is commonly referred to as a "cram down" plan. The Code allows the Plan to bind nonaccepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a)(8) of the Code, does not "discriminate unfairly," and is "fair and equitable" toward each impaired class that has not voted to accept the Plan.

***You should consult your own attorney if a "cramdown" confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.***

### C. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. The Plan proposes to pay all creditors more than they would receive in a chapter 7 liquidation. The Liquidation Analysis attached hereto as **Exhibit E** illustrates that general unsecured creditors and priority tax claims would receive approximately $33,254 in a chapter 7 liquidation.

### D. Feasibility

The Court must find that Confirmation of the Plan is not likely to be followed by the liquidation or further financial reorganization of the Debtors, or any successor to the Debtors, unless such liquidation or reorganization is proposed in the Plan.

### 1. Ability to Initially Fund Plan.

The Debtors believe that they will have enough cash on hand on the Effective Date of the Plan to pay all the Claims and expenses that are entitled to be paid on that date. The source of that cash is the debtors' employment income.

### 2. Ability to Make Future Plan Payments And Operate Without Further Reorganization.

The Debtors must also show that they will have enough cash over the life of the Plan to make the required Plan payments. The Debtors have provided financial information showing current cash amounts and projections of cash flow and earnings. See **Exhibit D**.

Page 15 – DEBTORS' DISCLOSURE STATEMENT

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

*You should consult with your accountant or other financial advisor if you have any questions pertaining to the Debtors' projections.*

### E.  Confirmation Requirements for Individual Debtors.

To confirm the Plan the court must find that "the value of the property to be distributed under the plan is not less than the disposable income of the debtor (as defined in §1325(b)(2)) to be received during the five-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer." 11 U.S.C. §1129(a)(15)(B). The Reorganized Debtors project that their disposable income for the 5 year period beginning on the Effective Date will be $**105,000.**  The Plan provides for payment of more than that amount to the unsecured creditors in Class 3. The Plan, therefore, complies with §1129(a)(15)(B).

*You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.*

## V.  EFFECT OF CONFIRMATION OF PLAN

### A.  Discharge of Debtors

On the effective date of the Plan, the Debtors shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtors shall not be discharged of any debt (i) imposed by the Plan, (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, or (iii) of a kind specified in § 1141(d)(6)(B).  After the Effective Date of the Plan your claims against the Debtors will be limited to the debts described in clauses (i) through (iii) of the preceding sentence.

### B.  Modification of Plan

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or revoting on the Plan. Upon request of the Debtors, the United States trustee, or the holder of an allowed unsecured claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under

Page 16 – DEBTORS' DISCLOSURE STATEMENT

*Motschenbacher & Blattner, LLP*
*117 SW Taylor St., Suite 200*
*Portland, OR 97204*
*Phone: (503) 417-0508*
*Fax: (503) 417-0528*

the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan.

## C. Final Decree

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

Respectfully submitted,

/s/ Thuy Lien Hoang
Thuy Lien Hoang, Plan Proponent

/s/ Mark Joseph Hubbard
Mark Joseph Hubbard, Plan Proponent

MOTSCHENBACHER & BLATTNER, LLP

By:/s/ Nicholas J. Henderson
Nicholas J. Henderson, WA. Bar No. 44626
Attorney for the Plan Proponents

### LIST OF EXHIBITS

EXHIBIT A:      Debtors' Proposed Plan of Reorganization
EXHIBIT B:      Identity and Market Values of Debtors' Assets
EXHIBIT C:      Debtors' Recent Pre-Confirmation Financial Statements
EXHIBIT D:      Debtor's Projected Income and Expenses After Confirmation
EXHIBIT E:      Liquidation Analysis

Page 17 – DEBTORS' DISCLOSURE STATEMENT

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

**In re: Thuy Lien Hoang and Mark Joseph Hubbard**
**Case No. 14-45786-PBS**

## DEBTORS' DISCLOSURE STATEMENT

## EXHIBIT A – DEBTORS' PLAN OF REORGANIZATION

Nicholas J. Henderson, WSB#44626
nhenderson@portlaw.com
Troy G. Sexton, WSB #48826
tsexton@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

The Honorable Paul B. Snyder
Chapter 11 Proceeding

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

In re:

Thuy Lien Hoang; and
Mark Joseph Hubbard

Debtors.

Case No. 14-45786

DEBTORS' PLAN OF REORGANIZATION
DATED MARCH 26, 2015

## ARTICLE I
## PLAN SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Code") proposes to pay creditors of Thuy Lien Hoang and Mark Joseph Hubbard (the "Debtors") from future payments from the Debtors' earnings.

This Plan provides for two classes of secured claims, two classes of general unsecured claims, and the Debtors themselves, as the interest holders. General unsecured creditors holding allowed claims will receive distributions of approximately 14% of their claim. The Plan also provides for the payment of administrative claims.

PLAN OF REORGANIZATION – Page 1

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Exhibit A Page 1 of 8
Case 14-45786-PBS    Doc 30    Filed 04/06/15    Ent. 04/06/15 08:47:27    Pg. 19 of 96

All creditors and equity security holders should refer to Articles III through VII of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity holders will be circulated. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one (if you do not have one, you may wish to consult one).**

**ARTICLE II**
**CLASSIFICATION OF CLAIMS AND INTERESTS**

2.01  Class 1A  The claim of U.S. Bank, N.A., related to account no. ending in 3783, to the extent allowed as a secured claim under § 506 of the Code.

        Class 1B  The claim of U.S. Bank, N.A., related to account no. ending in 4511, to the extent allowed as a secured claim under § 506 of the Code.

2.02  Class 2  Unsecured claims of Discover Bank, N.A. incurred during the 90-day period prior to the petition, as allowed under § 502 of the Code.

2.03  Class 3  All remaining unsecured claims allowed under § 502 of the Code.

2.04  Class 4  The individual Debtors' interests in the property of the estate.

**ARTICLE III**
**TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,**
**PRIORITY TAX CLAIMS AND U.S. TRUSTEE'S FEES**

3.01  <u>Unclassified Claims</u>.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02  <u>Administrative Expense Claims</u>.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

PLAN OF REORGANIZATION – Page 2

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 200**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

1   3.03    <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be paid in full, plus

2   interest as required by 11 U.S.C. §511, through cash distributions.

3   3.04    <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6)

4   (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or

5   converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective

6   date of this Plan will be paid on the effective date.

**ARTICLE IV**
**TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1A – Secured Claim of U.S. Bank, N.A., related to account number ending in 3783 | Unimpaired | Class 1A consists of the claim of U.S. Bank, N.A., related to account number ending in 3783.  Class 1A is unimpaired and will be paid pursuant to the contract or prior to the Debtors' contractual obligation. |
| Class 1B – Secured Claim of U.S. Bank, N.A., related to account number ending in 4511 | Impaired | Class 1B consists of the claim of U.S. Bank, N.A., related to account number ending in 4511.  Debtors will pay Class 1B pursuant to the contract or in advance of the contractual obligation.  Any post-petition arrearage shall bear no interest, and shall be cured on the Effective Date of the Plan.  Class 1B is impaired. |
| Class 2 – General Unsecured Claims incurred within 90 days of the petition date. | Impaired | Class 2 consists of $4,979.92 of the general unsecured claim of Discover Bank NA as allowed under § 502 of the code.  This is a portion of Discover's claim that it contends is non-dischargable under § 523(2)(c) of the Code. Class 2 creditors will be paid in full, on or before the 180th day following the effective date of the plan.  Class 2 claims bear no interest. |
| Class 3 – General Unsecured Claims | Impaired | Class 3 creditors will be paid $105,000.  Class 3 creditors will receive pro-rata disbursements annually, beginning on the one-year anniversary date of the Effective Date of the plan.  Disbursements shall be made in amounts to be determined by the Reorganized Debtors after reserves for personal living expenses for the ensuing year.  The final disbursement to Class 3 claims shall be made no later than the 60 months after the effective date of plan. Class 3 claims bear no interest. The Reorganized Debtors may, at their option, pay the entire amount due to Class 3 creditors at any time post-confirmation from exempt funds. |
| Class 4 – Interests | Unimpaired | The Class 4 individual Debtors shall retain all of their interests. |

PLAN OF REORGANIZATION – Page 3

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
PORTLAND, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

# ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtors do not assume any executory contracts and/or unexpired leases.  The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed in this Plan, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than (30) days after the date of the order confirming this Plan.  Any proof of claim arising from the rejection of an executory contract or unexpired lease under this section shall be treated as a general unsecured claim.

# ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.1    Termination of Debtor-In-Possession.  On the Effective Date of the Plan, the Debtors' status as Debtor-In-Possession shall terminate, and the Debtors shall operate their business affairs and shall not be precluded from engaging in any lawful business activities.

PLAN OF REORGANIZATION – Page 4

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 200**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

7.2 <u>Revesting</u>. On the Effective Date, all property of the estate shall be vested in the Debtors, free and clear of all claims, liens, charges or other interests of creditors arising prior to the entry of the order confirming the Plan, except for liens upon property securing Claims provided for in the Plan. The property of the Debtor and/or the property of the bankruptcy estate which will vest in the Debtor on the Effective Date includes but is not limited to their respective tax attributes, including but not limited to ordinary loss carry forwards and capital loss carry forwards as defined and allowed under federal and state tax law that the Debtor or the bankruptcy estate were entitled to claim pre-petition, or that arose post-petition.

7.3 <u>Funding for Plan Payments</u>. Debtor Lien Hoang shall continue her employment at Providence Medical Group to pay creditors as set forth in the Plan. Debtor Mark Hubbard shall seek work as soon as his medical conditions will allow. Fees due the United States Trustee shall be paid on or before the effective date. Fees due other administrative costs shall be paid on or before the effective date, but after court approval. Any post-confirmation fees due to the United States Trustee shall be paid when due.

7.4 <u>Prepayment</u>. Debtors may prepay any amounts due to any Creditor or Class of Creditors prior to the due dates set in the Plan without penalty, prior notice or Court approval.

7.5 <u>No Attorney Fees</u>. No attorney's fees shall be paid with respect to any Claim except as specified in the Plan or allowed by a Final Order of Bankruptcy Court.

7.6 <u>No Interest</u>. Except as expressly stated in the Plan or otherwise allowed by the Court, no interest, penalty or late charge arising after the Petition Date shall be allowed on any Claim, and the Debtors shall be entitled to offset distributions to any Creditor who has received payment for post-petition interest, penalties or late charges not approved by the Court.

**ARTICLE VIII**
**GENERAL PROVISIONS**

8.1    <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

PLAN OF REORGANIZATION – Page 5

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

8.2 <u>Effective Date of the Plan</u>. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.3 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.4 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.5 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.6 <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Washington govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.1 <u>Discharge</u>. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

/ / / / /

/ / / / /

PLAN OF REORGANIZATION – Page 6

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 200**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

**ARTICLE X**
**OTHER PROVISIONS**

10.1    All administrative expenses shall be paid on the effective date of the Plan, or as otherwise agreed by the parties.

10.2    The Debtors shall act as their own disbursing agent for payments under the Plan.

10.3    Creditors may not take any actions (including, without limitation, lawsuits or other legal actions, levies, attachments, or garnishments) to enforce or collect either pre-confirmation obligations or obligations due under the Plan, so long as the Debtors are not in material default under the Plan.  Provided that the Debtors do not materially default under the Plan, creditors shall be prohibited from taking any enforcement or collection actions of any kind against the Debtors.

10.4    Unless otherwise specified, the following default provisions apply to all creditors: If Debtors fail to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than fifteen (15) days after the time specified in the Plan, the affected creditor may serve upon Debtors a written notice of default.  The Debtors are in material default under the Plan if the Debtors fail, within thirty (30) days of the service of such notice of default (plus 3 days for mailing) to either: (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred.

10.5    Debtors reserve the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to 11 U.S.C. §1129(b).

10.6    The Bankruptcy Court shall retain jurisdiction of this case until all Plan payments have been made.

10.7    Any notices, requests, and demands required or permitted to be provided under the Plan, in order to be effective, shall be in writing (including, without express or implied limitation, by facsimile transmission), and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made within actually delivered or, in the case of notice by

PLAN OF REORGANIZATION – Page 7

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 200**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

facsimile transmission, when received and telephonically confirmed, addressed as follows:

> Thuy Lien Hoang and Mark Joseph Hubbard
> c/o Nicholas J. Henderson, Attorney at Law
> Motschenbacher & Blattner, LLP
> 117 SW Taylor Street, Suite 200
> Portland, OR 97204

10.8    The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

Dated this 26th day of March, 2015.

_____
Thuy Lien Hoang, Debtor

_____
Mark Joseph Hubbard, Debtor

_____
Nicholas J. Henderson, WSB# 44626
Attorney for Debtors

PLAN OF REORGANIZATION – Page 8

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 200**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

**In re: Thuy Lien Hoang and Mark Joseph Hubbard**
**Case No. 14-45786-PBS**

**DEBTORS' DISCLOSURE STATEMENT**

**EXHIBIT B – IDENTITY AND MARKET VALUES OF DEBTORS' ASSETS**

In re **Thuy Lien Hoang,**                                            Case No.   **14-45786**
     **Mark Joseph Hubbard**
                                        Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **17710 SE Evergreen, Vancouver, WA 98683** | **Fee simple** | **J** | **604,850.00** | **567,042.86** |

|  |  |  |  |  |
|---|---|---|---|---|
| | | Sub-Total > | **604,850.00** | (Total of this page) |
| | | Total > | **604,850.00** | |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

In re **Thuy Lien Hoang,** Case No. __14-45786__
 **Mark Joseph Hubbard**
 _____,
 Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | Cash on Hand - Attributable to wages | J | 200.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Savings Account - Attributable to wages Bank of America Account #8571 | J | 319.47 |
| | | | Checking Account - Attributable to wages Bank of America Acct #8571 | J | 2,285.80 |
| | | | Checking Account - Attributable to wages Chase Bank | C | 3,200.00 |
| | | | Savings Account - Attributable to wages Chase Bank | C | 300.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | | Utility Deposit | J | 250.00 |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | Household goods and furnishings Debtors' residence | J | 2,200.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Coin collection Debtors' residence | H | 1,000.00 |
| 6. | Wearing apparel. | | Clothing Debtors residence | J | 500.00 |
| 7. | Furs and jewelry. | | Jewelry Debtors' residence | J | 2,000.00 |
| 8. | Firearms and sports, photographic, and other hobby equipment. | | Camera, sports equipment, video games Debtors' residence | J | 1,125.00 |
| | | | Firearm 9 mm handgun | H | 200.00 |

Sub-Total >  13,580.27
(Total of this page)

__3__ continuation sheets attached to the Schedule of Personal Property

In re   **Thuy Lien Hoang,**
        **Mark Joseph Hubbard**

Case No.   __14-45786__

_____,
Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **IRA Franklin Templeton Bank and Trust c/o FTI Retirement Plan Operations PO Box 997153 Sacramento, CA 95899-7153** | W | 105,682.37 |
| | | **403B** | W | 58,787.91 |
| | | **401(a)** | J | 10,557.47 |
| | | **IRA Franklin Templeton Bank and Trust c/o FTI Retirement Plan Operations PO Box 997153 Sacramento, CA 95899-7153** | H | 21,335.78 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Ameritrade** | H | 2,300.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |

Sub-Total >     198,663.53
(Total of this page)

Sheet  __1__  of  __3__  continuation sheets attached
to the Schedule of Personal Property

In re   **Thuy Lien Hoang,**                              Case No.   **14-45786**
       **Mark Joseph Hubbard**

                                     Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **Anticipated 2010 Tax Refund (amended 1040 sent in May, 2014)** | J | 6,131.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Potential claim for contribution against Christopher Berberian (likelihood of collection - zero)** | C | Unknown |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2008 Lexus 400H** | C | 25,000.00 |
| | | **2007 Ford F150** | C | 7,000.00 |
| | | **1998 Nissan 240SX** | H | 3,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **2 laptops and 1 printer Debtors' residence** | J | 500.00 |

|  | Sub-Total > | 41,631.00 |
|---|---|---|
|  | (Total of this page) | |

Sheet  __2__  of  __3__  continuation sheets attached
to the Schedule of Personal Property

In re **Thuy Lien Hoang,**
**Mark Joseph Hubbard**

Case No. __14-45786__

_____,
Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | 2 dogs (bassett and beagle) | J | 100.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | Food Storage/Provisions | J | 300.00 |
| | | Power tools | J | 100.00 |

| | |
|---|---|
| Sub-Total > (Total of this page) | 500.00 |
| Total > | 254,374.80 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

**Exhibit B Page 5 of 5**

**In re: Thuy Lien Hoang and Mark Joseph Hubbard**
**Case No. 14-45786-PBS**

**DEBTORS' DISCLOSURE STATEMENT**

**EXHIBIT C – DEBTORS' RECENT PRE-CONFIRMATION FINANCIAL STATEMENTS**

# MONTHLY FINANCIAL REPORT FOR
## INDIVIDUAL(S) NOT ENGAGED IN BUSINESS

| Case No. | 14-45786-PBS | Report Month/Year | Nov- 2014 – Dec 8, 2014 |
|---|---|---|---|
| Debtor | HOANG, THUY LIEN T / HUBBARD MARK J | | |

**INSTRUCTIONS: The debtor's monthly financial report shall include a cover sheet signed by the debtor and all UST forms and supporting documents. Exceptions, if allowed, are noted in the checklist below. Failure to comply with the reporting requirements of Local Bankruptcy Rule 2015-2(a), or the U.S. Trustee's reporting requirements, is cause for conversion or dismissal of the case.**

The debtor submits the following with this monthly financial report:

| | | | Yes | No |
|---|---|---|---|---|
| **UST-21** | **Comparative Balance Sheet,** or debtor's balance sheet. The debtor's balance sheet, if used, shall include a breakdown of pre- and post-petition liabilities. The breakdown may be provided as a separate attachment to the debtor's balance sheet. | | ☒ | ☐ |
| **UST-22** | **Summary of Receipts** | | ☒ | ☐ |
| **UST-23** | **Summary of Disbursements** | | ☒ | ☐ |
| **UST-23 Continuation Sheets** | **Financial Account Detail** A Continuation Sheet shall be completed for each bank account or other source of debtor funds and shall include a copy of the monthly bank statement and supporting documents as described in the instructions. | | ☒ | ☐ |
| **UST-24 Part A** | **Other Financial Disclosures - Real Estate and Property Sales** When applicable, include a report of sale. Attach supporting documents such as an escrow statement for the sale of real property, or an auctioneer's report for property sold at auction. | | ☒ | ☐ |
| **UST-24 Part B** | **Other Financial Disclosures - Insurance, etc.** For any changes or renewals of insurance coverage, include a copy of the new certificate of insurance. | | ☒ | ☐ |

---

### DEBTOR'S CERTIFICATION

I certify under penalty of perjury that the information contained in this monthly financial report are complete, true, and accurate to the best of my knowledge, information, and belief.

Signature(s): _____  ✍ Date: 12/10/14

_____  ✍  12/10/14

**The debtor, or trustee, if appointed, must sign the monthly financial report. Debtor's counsel may not sign a financial report for the debtor.**

---

Exhibit C Page 1 of 55

Debtor  HOANG, THUY LIEN / HUBBARD MARK J

Case Number ⇨ 14-45786-PBS
Report Mo/Yr ⇨ Nov 2014

### UST- 21 STATEMENT OF FINANCIAL CONDITION

**INSTRUCTIONS:** This balance sheet has been designed for ease of use by debtors not engaged in business. Accordingly, it is not intended to follow standard accounting principles. For funds held in financial institutions or brokerages, the debtor must report the month-end value. For each remaining asset, the debtor may use the value listed in the last filed Schedule A & B, or the current value. Footnotes or explanations, if any, may be attached to this page.

| As of month ending ⇨ Nov. 30 | | | |
|---|---|---|---|
| **ASSETS** | | | |
| Cash | 300 | | |
| Checking Account(s) | 7,119.93 | | |
| Savings Account(s) | 363.18 | | |
| Investment/Brokerage Account(s) | 257.11 | | |
| IRA/Retirement Account(s) | 196,663.21 | | |
| Remaining Personal Property (per Schedule B but excluding all accounts listed above) | 7,475 | | |
| Real Property (Schedule A) 1. Home 2. 3. 4. (Attach additional sheets if needed) | 412,980 | | |
| Other Assets (list all assets not included above, including assets acquired postpetition, if any) | 0 | | |
| **TOTAL ASSETS** | 625,158.43 | | |
| **LIABILITIES** | | | |
| Pre-petition Liabilities | | | |
| Secured Debt (Schedule D) | 567,042.86 | | |
| Priority Unsecured Debt (Schedule E) | 0 | | |
| Unsecured Debt (Schedule F) | 744,612.13 | | |
| Total Pre-petition Liabilities | 1,311,654.99 | | |
| Post-petition Liabilities | | | |
| Mortgage/Rent Payments Due | 3,608.00 | | |
| Other Secured Debt | 0 | | |
| Unpaid Real Property Taxes | 0 | | |
| Other Unpaid Taxes (specify) | 0 | | |
| Other Unpaid Debts (specify) | 0 | | |
| Total Post-petition Liabilities | 3,608.00 | | |
| **TOTAL LIABILITIES** | 1,315,262.99 | | |
| **NET WORTH (TOTAL ASSETS MINUS TOTAL LIABILITIES)** | (690,104.56) | | |

Debtor  *HOANG, THUY LIEN / HUBBARD MARK*

Case Number ⇒ *14-45786-PBS*

Report Mo/Yr ⇒ *Nov 2014*

## UST-22, SUMMARY OF RECEIPTS

**INSTRUCTIONS:** Complete each category and provide the net receipts total for the month. Use the Notes section to explain or itemize receipts when appropriate (e.g., rental income from more that one property).

| Type of Receipt | Gross Amount | Net Amount |
|---|---|---|
| Wages or salary | | *13,259.94* |
| Social security, pension, or 401k distributions | | |
| Rental income (itemize by property) | | |
| Collection of accounts receivable or note payable (specify source) | | |
| Loan or other financing proceeds (specify source) | | |
| Proceeds from sale of real property | | |
| Proceeds from sale of personal property | | |
| Other (explain) *insurance reimbursement for medical bills and short term disability from c-section* | | *617.78* |
| TOTAL RECEIPTS FOR THIS MONTH | | *13,877.72* |

Notes:
*insurance reimbursement for medical bills for Mark short term disability reimbursed additional $300 from when ThuyLien had c-section*

Monthly Financial Report - Individual(s) Not Engaged In Business
United States Trustee - Western District of Washington

Page 3 of 9
(January 2011)

Exhibit C Page 3 of 55
Case 14-45786-PBS   Doc 30   Filed 04/06/15   Ent. 04/06/15 08:47:27   Pg. 36 of 96

Debtor  *HOANG, THUY LIEN / HUBBARD, MARK*

| Case Number | ⇒ | *14-45786-PBS* |
| Report Mo/Yr | ⇒ | *NOV 2014* |

## UST-23, SUMMARY OF DISBURSEMENTS

**INSTRUCTIONS:** <u>BEFORE COMPLETING THIS PAGE</u>, prepare a UST-23 CONTINUATION SHEET (see next page) for each financial account or other source of the debtor's funds. The disbursement total from each CONTINUATION SHEET will be used to complete this SUMMARY OF DISBURSEMENTS page.

**QUARTERLY FEES:** Each month the debtor must provide an accurate disbursement total for purposes of calculating its obligation to pay statutory fees to the U.S. Trustee pursuant to 28 U.S.C. § 1930 (a)(6). The disbursement total includes all payments made by the bankruptcy estate during the reporting month, whether made by the debtor or another party for the debtor. It includes checks written and cash payments. It also includes payments made pursuant to a sale or liquidation of the debtor's assets. Typically, the only transactions excluded from the disbursement total are transfers among estate accounts during the same reporting month.

A fee payment is due 30 days after the end of each calendar quarter, or on **April 30, July 31, October 31,** and **January 31,** respectively. The debtor is reminded that the initial fee billing for each quarter is only an <u>estimate</u>*. Accordingly, when payment is due the debtor is responsible for calculating disbursements for the entire quarter (or portion thereof the debtor is in Chapter 11) and for paying the correct fee. Failure to pay statutory fees to the U.S. Trustee is cause for conversion or dismissal of the case. If you have questions about how to compute the disbursement total, please call the Bankruptcy Analyst assigned to your case at (206) 553-2000. Finally, a copy of the statutory fee schedule is attached to this report.

* By necessity, the fee billings are processed before the due date for the debtor's last monthly financial report for the quarter. Upon receipt of the debtor's report for the third month of the quarter, the U.S. Trustee adjusts the amount billed for that quarter, as appropriate.

### Summary of Disbursements

| | |
|---|---|
| Total disbursements from all UST-23 Continuation Sheet(s) | *16,844.30* |
| Cash payments not included in total above (if any) | *300.00* |
| Disbursements made by another party on behalf of the debtor (if any) | *∅* |
| Disbursements made pursuant to a sale of the debtor's assets (if any) | *∅* |
| TOTAL DISBURSEMENTS THIS MONTH FROM ALL SOURCES | *17,144.30* |

At the end of this reporting month, did the debtor have any <u>delinquent</u> statutory fees owing to the U.S. Trustee?
Yes ☐   No ☒   If "Yes", list each quarter that is delinquent and the amount due.

(UST-23 CONTINUATION SHEETS, with attachments, should follow this page.)

Monthly Financial Report - Individual(s) Not Engaged In Business                    Page 4 of 9
United States Trustee - Western District of Washington                              (January 2011)

Exhibit C Page 4 of 55
Case 14-45786-PBS    Doc 30    Filed 04/06/15    Ent. 04/06/15 08:47:27    Pg. 37 of 96

Debtor _HOANG, THUY YEN / HUBBARD, MARK_ Case Number ⇨ _14-45786-PBS_
Report Mo/Yr ⇨ _NOV 2014_

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| | |
|---|---|
| Depository (bank) name ⇨<br>Account number ⇨ | _Wells Fargo_<br>▮▮▮▮ _0672_ |

Purpose of this account (select one):
- ☒ Checking
- ☐ Savings
- ☐ Investment/brokerage
- ☐ IRA/retirement
- ☐ Funds held in trust by debtor's attorney
- ☐ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | _5,885.79_ |
| Add: | Transfers in from other accounts | _4,400.72_ |
| | Loan or financing proceeds deposited to this account (identify source) | _∅_ |
| | Other receipts deposited to this account | _13,677.72_ |
| Total cash available this month | | _23,964.23_ |
| Subtract: | Transfers out to other accounts | _∅_ |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | ⇨ _14,844.30_<br><br>Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of UST-23, Summary of Disbursements. |
| Adjustments, if any (explain) | | _∅_ |
| Ending cash balance | | _7,119.93_ |

Does this CONTINUATION SHEET include the following supporting documents, as required:

| | Yes | No |
|---|---|---|
| A monthly bank statement (or attorney's trust account statement); | ☒ | ☐ |
| If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ☐ | ☐ |

UST-23 CONTINUATION SHEET, Number _1_ of _5_

Debtor  _HOANG, THUY LIEN / HUBBARD, MARK_    Case Number ⇨ _14-45786-PBS_
                                              Report Mo/Yr ⇨ _NOV 2014_

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

Depository (bank) name ⇨ _Wells Fargo_
Account number ⇨ _■■■ 9444_

Purpose of this account (select one):
- ❑ Checking
- ☒ Savings
- ❑ Investment/brokerage
- ❑ IRA/retirement
- ❑ Funds held in trust by debtor's attorney
- ❑ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | _3,343.18_ |
| Add: | Transfers in from other accounts | _0_ |
| | Loan or financing proceeds deposited to this account (identify source) | _0_ |
| | Other receipts deposited to this account | _0_ |
| Total cash available this month | | _3,363.18_ |
| Subtract: | Transfers out to other accounts | _3,000_ |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | ⇨ _0_  Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of UST-23, Summary of Disbursements. |
| Adjustments, if any (explain) | | _0_ |
| Ending cash balance | | _363.18_ |

| | Yes | No |
|---|---|---|
| Does this CONTINUATION SHEET include the following supporting documents, as required: | | |
| A monthly bank statement (or attorney's trust account statement); | ☒ | ❑ |
| If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ❑ | ❑ |

UST-23 CONTINUATION SHEET, Number _2_ of _5_

| | Case Number | ⇨ | |
|---|---|---|---|
| Debtor _____ | Report Mo/Yr | ⇨ | |

### UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| Depository (bank) name ⇨ | *FRANKLIN TEMPLETON* |
|---|---|
| Account number ⇨ | ▬▬ *4493* |

Purpose of this account (select one):
- ❏ Checking
- ❏ Savings
- ❏ Investment/brokerage
- ☑ IRA/retirement
- ❏ Funds held in trust by debtor's attorney
- ❏ Other (explain) _____

| Beginning cash balance | *$21,647.84* |
|---|---|
| Add: Transfers in from other accounts | *∅* |
| Loan or financing proceeds deposited to this account (identify source) | *∅* |
| Other receipts deposited to this account | *∅* |
| Total cash available this month | *$21,647.84* |
| Subtract: Transfers out to other accounts | *∅* |
| Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | ⇨ |
| | Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of UST-23, Summary of Disbursements. |
| Adjustments, if any (explain) | *∅* |
| Ending cash balance | *$21,647.84* |

| Does this CONTINUATION SHEET include the following supporting documents, as required: | Yes | No |
|---|---|---|
| A monthly bank statement (or attorney's trust account statement); | ☑ | ❏ |
| If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ❏ | ❏ |

UST-23 CONTINUATION SHEET, Number  *3*  of  *5*

Debtor  *HOANG, THUY LIEN/ HUBBARD MARK*  Case Number ⇨ *14-45786 -PBS*

Report Mo/Yr ⇨ *NOV 2014*

### UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| | |
|---|---|
| Depository (bank) name ⇨ | *Franklin Templeton* |
| Account number ⇨ | ▓▓ *23251* |

Purpose of this account (select one):
- ☐ Checking
- ☐ Savings
- ☐ Investment/brokerage
- ☒ IRA/retirement
- ☐ Funds held in trust by debtor's attorney
- ☐ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | *$92,211.80* |
| Add: | Transfers in from other accounts | *∅* |
| | Loan or financing proceeds deposited to this account (identify source) | *∅* |
| | Other receipts deposited to this account | *∅* |
| Total cash available this month | | |
| Subtract: | Transfers out to other accounts | |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | ⇨ *∅* |
| | | Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of **UST-23, Summary of Disbursements.** |
| Adjustments, if any (explain) | | *∅* |
| Ending cash balance | | *$92,211.80* |

| | Yes | No |
|---|---|---|
| Does this CONTINUATION SHEET include the following supporting documents, as required: | | |
| A monthly bank statement (or attorney's trust account statement); | ☑ | ☐ |
| If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ☐ | ☐ |

UST-23 CONTINUATION SHEET, Number *4* of *5*

Debtor  _HOANG, THUY LIEN / HUBBARD, MARK_

Case Number ⇨ _14-45786 PBS_

Report Mo/Yr ⇨ _NOV 2014_

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| | |
|---|---|
| Depository (bank) name ⇨<br>Account number ⇨ | _Ameritrade_ |

Purpose of this account (select one):
- ❑ Checking
- ❑ Savings
- ☒ Investment/brokerage
- ❑ IRA/retirement
- ❑ Funds held in trust by debtor's attorney
- ❑ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | $1,657.11 |
| Add: | Transfers in from other accounts | 0 |
| | Loan or financing proceeds deposited to this account (identify source) | 0 |
| | Other receipts deposited to this account | 0 |
| Total cash available this month | | |
| Subtract: | Transfers out to other accounts | $1400 |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | ⇨ 0 |
| | | Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of UST-23, Summary of Disbursements. |
| Adjustments, if any (explain) | | |
| Ending cash balance | | $257.11 |

| Does this CONTINUATION SHEET include the following supporting documents, as required: | Yes | No |
|---|---|---|
| · A monthly bank statement (or attorney's trust account statement); | ☒ | ❑ |
| · If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ❑ | ❑ |

UST-23 CONTINUATION SHEET, Number _5_ of _5_

Debtor  HOANG, THUY LIEN / HUBBARD
MARK

Case Number  ⇨  14-45786-PBS
Report Mo/Yr  ⇨  NOV 2014

## UST-24 PART A, OTHER FINANCIAL DISCLOSURES - PROPERTY SALES

**INSTRUCTIONS:** Fully answer each question and attach additional sheets if necessary to provide a complete response.

| | Yes | No |
|---|---|---|

**Question 1 - Sale or Abandonment of the Debtor's Assets.** Did the debtor, or another party on behalf of the debtor, sell, transfer, or otherwise dispose of any of the debtor's assets during the reporting month? Include only sales out of the ordinary course. *An escrow statement or similar supporting document must be attached for any sale of real estate and show all disbursements from the gross sale amount including debt payoffs and sales commissions.*

Yes ☐   No ☒

| Asset Description | Date of Court Approval | Closing Date | Method of Disposition | Gross Sales Price | Net Proceeds Received (&Date) | Escrow Statement or Auctioneers Report Attached? |
|---|---|---|---|---|---|---|
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |
| Total | | | | | | |

Any disbursements made from escrow or trust accounts from the proceeds of the above transactions should also be included on the line of UST-23 entitled "Disbursements made by other parties for the debtor."

Attach additional pages as needed

**Question 2 - Financing.** During the reporting month, did the debtor receive any funds from an outside funding source, including relatives?

Yes ☐   No ☒

| Date of Court Approval | Amount | Source of funds | Date Received |
|---|---|---|---|
| | | | |
| Total | | | |

Debtor _HOANG, THUY LIEN / HUBBARD, MARK_

Case Number ⇨ _14-45786 -PBS_

Report Mo/Yr ⇨ _Nov 2014_

## UST-24 PART B, OTHER FINANCIAL DISCLOSURES - INSURANCE & OTHER

|  | Yes | No |
|---|---|---|
| **Question 3 - Insurance Coverage.** Did the debtor renew, modify, or replace any insurance policies during this reporting month? | ☒ | ☐ |

Renewals: _Farmer's_

| Provider | New Premium | Is a Copy Attached to this Report? |
|---|---|---|
| _HOME_ | _$1212.78_ | _Yes_ |
| _CAR_ | _$1421.57_ | |

Changes: _UMBRELLA  $371_

| Provider | New Premium | Is a Copy Attached to this Report? |
|---|---|---|

| Were any insurance policies canceled or otherwise terminated for any reason during the reporting month? **If yes, explain.** | ☐ | ☒ |
|---|---|---|

**Question 4 - Payments on Pre-Petition Unsecured Debt** (requires court approval). Did the debtor, or another party on behalf of the debtor, make any payments during this reporting month on pre-petition unsecured debt? **If yes, disclose each payment and include payee's name and purpose, payment date, dollar amount, and date of court approval.**

_No_

**Question 5 - Payments to Attorneys and Other Professionals** (requires court approval). Did the debtor, or another party on behalf of the debtor, make any payments during this reporting month to a professional such as an attorney, accountant, realtor, appraiser, auctioneer, business consultant, or other professional person? **If yes, list each payment and include professionals name and description of services performed, payment date, dollar amount, and date of court approval.**

| | Payee | Description of Services | Date of Court Approval | Payment Date | Amount |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | _No_ | | |
| 3. | | | | | |
| | | | | Total $ | |

**Question 6 - Estimated Professional Fees.** List estimated post-petition professional fees and expenses. To the extent possible, use billing statements to report the actual amounts due. If billing statements have not been received, use the best information available to estimate the fees and costs.

_$20,000_ _Attorney Fee, Court Cost and quarterly report fee_

**Question 7 - Significant Events.** Explain any significant new developments during the reporting month.

_∅_

**Question 8 - Case Progress.** Explain what progress the debtor made during the reporting month toward confirmation of a plan of reorganization.

_Plan should be completed by end of month_

Exhibit C Page 11 of 55
Case 14-45786-PBS   Doc 30   Filed 04/06/15   Ent. 04/06/15 08:47:27   Pg. 44 of 96

Debtor _HOANG, THUY LIEN / HUBBARD MARK_  Case Number ⇒ _14-45786-PBS_  Report Mo/Yr ⇒ _NOV 2014_

## Monthly Financial Reports
### (due on the 14th of the subsequent month)

Original Place of Filing:

| Seattle, WA ▼ | Tacoma, WA ▼ |
|---|---|
| File the original with the court:: | File the original with the court:: |
| United States Bankruptcy Court<br>United States Courthouse<br>700 Stewart Street, Suite 6301<br>Seattle, WA 98101 | United States Bankruptcy Court<br>1717 Pacific Avenue, Suite 2100<br>Tacoma, WA 98402 |

AND serve a copy on each of the following:

- Each member of any committees elected or appointed pursuant to the Bankruptcy Code, and to their authorized agents.
- Debtor's counsel.

NOTE: If the report is electronically filed with the Court, the United States Trustee will be served automatically. There is no need to serve an additional copy on the United States Trustee.

### STATUTORY FEE SCHEDULE

| If the debtor's disbursements for the calendar quarter are within these amounts. . . | | Then the quarterly fee due is. . . |
|---|---|---|
| From | To | |
| -0- | $14,999.99 | $325 |
| $15,000 | $74,999.99 | $650 |
| $75,000 | $149,999.99 | $975 |
| $150,000 | $224,999.99 | $1,625 |
| $225,000 | $299,999.99 | $1,950 |
| $300,000 | $999,999.99 | $4,875 |
| $1,000,000 | $1,999,999.99 | $6,500 |
| $2,000,000 | $2,999,999.99 | $9,750 |
| $3,000,000 | $4,999,999.99 | $10,400 |
| $5,000,000 | $14,999,999.99 | $13,000 |
| $15,000,000 | $29,999,999.99 | $20,000 |
| $30,000,000 or more | | $30,000 |

| Make check payable to:<br><br>**United States Trustee**<br><br>Mail quarterly fee payments to:<br><br>**US Trustee Program Payment Center**<br>**PO Box 530202**<br>**Atlanta, GA 30353-0202** | For calendar quarter ending. . . | A fee payment is due on. . . |
|---|---|---|
| | March 31 | April 30 |
| | June 30 | July 31 |
| | September 30 | October 31 |
| | December 31 | January 31 |

Send your payment and quarterly fee payment stub *ONLY.* Any disbursement stubs, monthly operating reports, correspondence, court notices, etc., sent to the lockbox will be destroyed.

Debtor  HOANG, THUY LIEN / HUBBARD MARK   Case Number ⇨ 14-45786-PBS

Report Mo/Yr ⇨ NOV 2014

## *** NOTICE OF INTEREST ASSESSMENT ***

Pursuant to 31 U.S.C. §3717, the United States Trustee Program will begin assessing interest on unpaid Chapter 11 quarterly fees charged in accordance with 28 U.S.C. §1930(a) effective October 1, 2007. The interest rate assessed is the rate in effect as determined by the Treasury Department at the time your account becomes past due.

---

### NOTICE

**DISCLOSURE OF INTENT TO USE TAXPAYER IDENTIFYING NUMBER FOR THE PURPOSE OF COLLECTING AND REPORTING DELINQUENT QUARTERLY FEES OWED TO THE UNITED STATES TRUSTEE PURSUANT TO 28 U.S.C. § 1930(a)(6)**

Please be advised that, pursuant to the Debt Collection Improvements Act of 1996, Public Law 104-134, Title III, § 31001(i)(3)(A), 110 Stat. 1321-365, codified at 31 U.S.C. § 3701, the United States Trustee intends to use the debtor's Taxpayer Identification Number ("TIN") as reported by the debtor or debtor's counsel in connection with the chapter 11 bankruptcy proceedings for the purpose of collecting and reporting on any delinquent debt, including chapter 11 quarterly fees, that are owed to the United States Trustee.

The United States Trustee will provide the debtor's TIN to the Department of Treasury for its use in attempting to collect overdue debts. Treasury may take the following steps: (1) submit the debt to the Internal Revenue Service Offset Program so that the amount owed may be deducted from any payment made by the federal government to the debtor, including but not limited to tax refunds; (2) report the delinquency to credit reporting agencies; (3) send collection notices to the debtor; (4) engage private collection agencies to collect the debt; and, (5) engage the United States Attorney's office to sue for collection. Collection costs will be added to the total amount of the debt.

---

# MONTHLY FINANCIAL REPORT FOR
# INDIVIDUAL(S) NOT ENGAGED IN BUSINESS

Case No. ___14-45786-pbs11___     Report Month/Year   12/9/14 - 1/9/15

Debtor    _ Hoang, Thuy Lien / Hubbard, Mark J. _____

---

**INSTRUCTIONS:  The debtor's monthly financial report shall include a cover sheet signed by the debtor and all UST forms and supporting documents.  Exceptions, if allowed, are noted in the checklist below.   Failure to comply with the reporting requirements of Local Bankruptcy Rule 2015-2(a), or the U.S. Trustee's reporting requirements, is cause for conversion or dismissal of the case.**

The debtor submits the following with this monthly financial report:

| | | Yes | No |
|---|---|---|---|
| **UST-21** | **Comparative Balance Sheet**, or debtor's balance sheet. <br> The debtor's balance sheet, if used, <u>shall include a breakdown of pre- and post-petition liabilities.</u>  The breakdown may be provided as a separate attachment to the debtor's balance sheet. | ☒ | ❏ |
| **UST-22** | **Summary of Receipts** | ☒ | ❏ |
| **UST-23** | **Summary of Disbursements** | ☒ | ❏ |
| **UST-23 Continuation Sheets** | **Financial Account Detail** <br> A Continuation Sheet shall be completed for each bank account or other source of debtor funds and shall include a copy of the monthly bank statement and supporting documents as described in the instructions. | ☒ | ❏ |
| **UST-24 Part A** | **Other Financial Disclosures - Real Estate and Property Sales** <br> When applicable, include a report of sale.  Attach supporting documents such as an escrow statement for the sale of real property, or an auctioneer's report for property sold at auction. | ☒ | ❏ |
| **UST-24 Part B** | **Other Financial Disclosures - Insurance, etc.** <br> For any changes or renewals of insurance coverage, include a copy of the new certificate of insurance. | ☒ | ❏ |

---

## DEBTOR'S CERTIFICATION

I certify under penalty of perjury that the information contained in this monthly financial report are complete, true, and accurate to the best of my knowledge, information, and belief.

Signature(s):    /s/ Thuy Lien Hoang      Date:   1/11/15

               /s/ Mark J. Hubbard             1/11/15

**The debtor, or trustee, if appointed, must sign the monthly financial report.  <u>Debtor's counsel may not sign a financial report for the debtor.</u>**

---

Exhibit C Page 14 of 55

Case 14-45786-PBS    Doc 30    Filed 04/06/15    Ent. 04/06/15 08:47:27    Pg. 47 of 96

## UST- 21 STATEMENT OF FINANCIAL CONDITION

INSTRUCTIONS: This balance sheet has been designed for ease of use by debtors not engaged in business. Accordingly, it is not intended to follow standard accounting principles. For funds held in financial institutions or brokerages, the debtor must report the month-end value. For each remaining asset, the debtor may use the value listed in the last filed Schedule A & B, or the current value. Footnotes or explanations, if any, may be attached to this page.

| As of month ending ⇨ | December 2014 | | |
|---|---|---|---|
| **ASSETS** | | | |
| Cash | 200.00 | | |
| Checking Account(s) | 7,119.93 | | |
| Savings Account(s) | 363.18 | | |
| Investment/Brokerage Account(s) | 313.11 | | |
| IRA/Retirement Account(s) | 119,026.84 | | |
| Remaining Personal Property (per Schedule B but <u>excluding</u> all accounts listed above) | 7,475.00 | | |
| Real Property (Schedule A) | | | |
| 1.   Home | 412,980.00 | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| (Attach additional sheets if needed) | | | |
| Other Assets (list all assets not included above, including assets acquired postpetition, if any) | | | |
| **TOTAL ASSETS** | 627,478.06 | | |
| **LIABILITIES** | | | |
| Pre-petition Liabilities | | | |
| Secured Debt (Schedule D) | 567,042.86 | | |
| Priority Unsecured Debt (Schedule E) | | | |
| Unsecured Debt (Schedule F) | 744,612.13 | | |
| Total Pre-petition Liabilities | 1,311,654.99 | | |
| Post-petition Liabilities | | | |
| Mortgage/Rent Payments Due | 3,608.00 | | |
| Other Secured Debt | | | |
| Unpaid Real Property Taxes | | | |
| Other Unpaid Taxes (specify) | | | |
| Other Unpaid Debts (specify) | | | |
| Total Post-petition Liabilities | 3,608.00 | | |
| **TOTAL LIABILITIES** | 1,315,262.99 | | |
| **NET WORTH (TOTAL ASSETS MINUS TOTAL LIABILITIES)** | (687,784.93) | | |

Monthly Financial Report - Individual(s) Not Engaged In Business       Page 2 of 9
United States Trustee - Western District of Washington    Exhibit C Page 15 of 55    (January 2011)

Case 14-45786-PBS    Doc 30    Filed 04/06/15    Ent. 04/06/15 08:47:27    Pg. 48 of 96

## UST-22, SUMMARY OF RECEIPTS

INSTRUCTIONS: Complete each category and provide the net receipts total for the month. Use the Notes section to explain or itemize receipts when appropriate (e.g., rental income from more that one property).

| Type of Receipt | Gross Amount | Net Amount |
|---|---|---|
| Wages or salary | 29,727.07 | 20,871.83 |
| Social security, pension, or 401k distributions | | |
| Rental income (itemize by property) | | |
| Collection of accounts receivable or note payable (specify source) | | |
| Loan or other financing proceeds (specify source) | | |
| Proceeds from sale of real property | | |
| Proceeds from sale of personal property | | |
| Other (explain) | | |
| TOTAL RECEIPTS FOR THIS MONTH | | 20,871.83 |

Notes:

Monthly Financial Report - Individual(s) Not Engaged In Business
United States Trustee - Western District of Washington

Page 3 of 9
(January 2011)

Exhibit C Page 16 of 55

Case 14-45786-PBS    Doc 30    Filed 04/06/15    Ent. 04/06/15 08:47:27    Pg. 49 of 96

## UST-23, SUMMARY OF DISBURSEMENTS

INSTRUCTIONS: <u>BEFORE COMPLETING THIS PAGE</u>, prepare a UST-23 CONTINUATION SHEET (see next page) for each financial account or other source of the debtor's funds. The disbursement total from each CONTINUATION SHEET will be used to complete this SUMMARY OF DISBURSEMENTS page.

QUARTERLY FEES: Each month the debtor must provide an accurate disbursement total for purposes of calculating its obligation to pay statutory fees to the U.S. Trustee pursuant to 28 U.S.C. § 1930 (a)(6). The disbursement total includes all payments made by the bankruptcy estate during the reporting month, whether made by the debtor or another party for the debtor. It includes checks written and cash payments. It also includes payments made pursuant to a sale or liquidation of the debtor's assets. Typically, the only transactions excluded from the disbursement total are transfers among estate accounts during the same reporting month.

A fee payment is due 30 days after the end of each calendar quarter, or on **April 30**, **July 31**, **October 31**, and **January 31**, respectively. The debtor is reminded that the initial fee billing for each quarter is only an estimate\*. Accordingly, when payment is due the debtor is responsible for calculating disbursements for the entire quarter (or portion thereof the debtor is in Chapter 11) and for paying the correct fee. Failure to pay statutory fees to the U.S. Trustee is cause for conversion or dismissal of the case. If you have questions about how to compute the disbursement total, please call the Bankruptcy Analyst assigned to your case at (206) 553-2000. Finally, a copy of the statutory fee schedule is attached to this report.

\* By necessity, the fee billings are processed before the due date for the debtor's last monthly financial report for the quarter. Upon receipt of the debtor's report for the third month of the quarter, the U.S. Trustee adjusts the amount billed for that quarter, as appropriate.

### Summary of Disbursements

| | |
|---|---|
| Total disbursements from all UST-23 Continuation Sheet(s) | 25,467.49 |
| Cash payments not included in total above (if any) | 300.00 |
| Disbursements made by another party on behalf of the debtor (if any) | |
| Disbursements made pursuant to a sale of the debtor's assets (if any) | |
| TOTAL DISBURSEMENTS THIS MONTH FROM ALL SOURCES | 25,767.49 |

At the end of this reporting month, did the debtor have any <u>delinquent</u> statutory fees owing to the U.S. Trustee?

Yes ❑   No ❑    **If "Yes", list each quarter that is delinquent and the amount due.**

(UST-23 CONTINUATION SHEETS, with attachments, should follow this page.)

Monthly Financial Report - Individual(s) Not Engaged In Business
United States Trustee - Western District of Washington

Page 4 of 9
(January 2011)

Exhibit C Page 17 of 55

Case 14-45786-PBS    Doc 30    Filed 04/06/15    Ent. 04/06/15 08:47:27    Pg. 50 of 96

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| Depository (bank) name<br>Account number | Wells Fargo, 0672 |
|---|---|

Purpose of this account (select one):
- ☒ Checking
- ❑ Savings
- ❑ Investment/brokerage
- ❑ IRA/retirement
- ❑ Funds held in trust by debtor's attorney
- ❑ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | 7,119.93 |
| Add: | Transfers in from other accounts | |
| | Loan or financing proceeds deposited to this account (identify source) | |
| | Other receipts deposited to this account | 20,871.83 |
| Total cash available this month | | 27,878.88 |
| Subtract: | Transfers out to other accounts | |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | 25,767.49 |
| | | Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of **UST-23, Summary of Disbursements.** |
| Adjustments, if any (explain) | | |
| Ending cash balance | | 2,111.39 |

| | | Yes | No |
|---|---|---|---|
| Does this CONTINUATION SHEET include the following supporting documents, as required: | | | |
| · | A monthly bank statement (or attorney's trust account statement); | ☒ | ❑ |
| · | If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ❑ | ❑ |

UST-23 CONTINUATION SHEET, Number  1  of  6

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| Depository (bank) name<br>Account number | Wells Fargo, 9444 |
|---|---|

Purpose of this account (select one):
- ❏ Checking
- ☒ Savings
- ❏ Investment/brokerage
- ❏ IRA/retirement
- ❏ Funds held in trust by debtor's attorney
- ❏ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | 363.18 |
| Add: | Transfers in from other accounts | |
| | Loan or financing proceeds deposited to this account (identify source) | |
| | Other receipts deposited to this account | |
| Total cash available this month | | 363.18 |
| Subtract: | Transfers out to other accounts | |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of **UST-23, Summary of Disbursements.** |
| Adjustments, if any (explain) | | |
| Ending cash balance | | 363.18 |

| Does this CONTINUATION SHEET include the following supporting documents, as required: | Yes | No |
|---|---|---|
| · A monthly bank statement (or attorney's trust account statement); | ☒ | ❏ |
| · If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ❏ | ❏ |

UST-23 CONTINUATION SHEET, Number  2  of  6

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| Depository (bank) name<br>Account number | Ameritrade |
|---|---|

Purpose of this account (select one):
- ❏ Checking
- ❏ Savings
- ☒ Investment/brokerage
- ❏ IRA/retirement
- ❏ Funds held in trust by debtor's attorney
- ❏ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | 257.11 |
| Add: | Transfers in from other accounts | |
| | Loan or financing proceeds deposited to this account (identify source) | |
| | Other receipts deposited to this account | |
| Total cash available this month | | 257.11 |
| Subtract: | Transfers out to other accounts | |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of **UST-23, Summary of Disbursements.** |
| Adjustments, if any (explain) | Fluctuation in stock prices | 56.00 |
| Ending cash balance | | 313.11 |

Does this CONTINUATION SHEET include the following supporting documents, as required:

| | | Yes | No |
|---|---|---|---|
| · | A monthly bank statement (or attorney's trust account statement); | ☒ | ❏ |
| · | If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ❏ | ❏ |

UST-23 CONTINUATION SHEET, Number  3    of  6

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| Depository (bank) name<br>Account number | Franklin Templeton, 3251 |
|---|---|

Purpose of this account (select one):
- ❏ Checking
- ❏ Savings
- ❏ Investment/brokerage
- ☒ IRA/retirement
- ❏ Funds held in trust by debtor's attorney
- ❏ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | 92,211.80 |
| Add: | Transfers in from other accounts | |
| | Loan or financing proceeds deposited to this account (identify source) | |
| | Other receipts deposited to this account | |
| Total cash available this month | | 92,211.80 |
| Subtract: | Transfers out to other accounts | |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of **UST-23, Summary of Disbursements.** |
| Adjustments, if any (explain) Changes in stock value | | 2,086.75 |
| Ending cash balance | | 94,298.55 |

| Does this CONTINUATION SHEET include the following supporting documents, as required: | Yes | No |
|---|---|---|
| · A monthly bank statement (or attorney's trust account statement); | ☒ | ❏ |
| · If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ❏ | ❏ |

UST-23 CONTINUATION SHEET, Number  4  of  6

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| Depository (bank) name Account number | Franklin Templeton |
|---|---|

Purpose of this account (select one):
- ❏ Checking
- ❏ Savings
- ❏ Investment/brokerage
- ☒ IRA/retirement
- ❏ Funds held in trust by debtor's attorney
- ❏ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | 21,647.84 |
| Add: | Transfers in from other accounts | |
| | Loan or financing proceeds deposited to this account (identify source) | |
| | Other receipts deposited to this account | |
| Total cash available this month | | 21,647.84 |
| Subtract: | Transfers out to other accounts | |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of **UST-23, Summary of Disbursements.** |
| Adjustments, if any (explain)     Changes to stock value | | 437.91 |
| Ending cash balance | | 22,085.75 |

| Does this CONTINUATION SHEET include the following supporting documents, as required: | Yes | No |
|---|---|---|
| ·     A monthly bank statement (or attorney's trust account statement); | ☒ | ❏ |
| ·     If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ❏ | ❏ |

UST-23 CONTINUATION SHEET, Number  5   of  6

| Debtor | Hoang, Thuy Lien / Hubbard, Mark J. | Report Mo/Yr | 12/9/14 - 1/9/15 |

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| Depository (bank) name<br>Account number | Fidelity |
|---|---|

Purpose of this account (select one):
- ❏ Checking
- ❏ Savings
- ❏ Investment/brokerage
- ☒ IRA/retirement     401a and 403b core plan
- ❏ Funds held in trust by debtor's attorney
- ❏ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | 82,164.64 |
| Add: | Transfers in from other accounts | |
| | Loan or financing proceeds deposited to this account (identify source) | |
| | Other receipts deposited to this account | |
| Total cash available this month | | 82,164.64 |
| Subtract: | Transfers out to other accounts | |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of **UST-23, Summary of Disbursements.** |
| Adjustments, if any (explain) | Contributions maxed for year, changes to stock value | 477.90 |
| Ending cash balance | | 82,642.54 |

Does this CONTINUATION SHEET include the following supporting documents, as required:

| | Yes | No |
|---|---|---|
| ·   A monthly bank statement (or attorney's trust account statement); | ☒ | ❏ |
| ·   If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ❏ | ❏ |

UST-23 CONTINUATION SHEET, Number  6  of  6

### UST-24 PART A, OTHER FINANCIAL DISCLOSURES - PROPERTY SALES

**INSTRUCTIONS:** Fully answer each question and attach additional sheets if necessary to provide a complete response.

|  | Yes | No |
|---|---|---|

**Question 1 - Sale or Abandonment of the Debtor's Assets.** Did the debtor, or another party on behalf of the debtor, sell, transfer, or otherwise dispose of any of the debtor's assets during the reporting month? Include only sales out of the ordinary course. *An escrow statement or similar supporting document must be attached for any sale of real estate and show all disbursements from the gross sale amount including debt payoffs and sales commissions.*

❏ Yes  ☒ No

| Asset Description | Date of Court Approval | Closing Date | Method of Disposition | Gross Sales Price | Net Proceeds Received (&Date) | Escrow Statement or Auctioneers Report Attached? |
|---|---|---|---|---|---|---|
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |
| | | | Total _____ | | _____ | |

**Any disbursements made from escrow or trust accounts from the proceeds of the above transactions should also be included on the line of UST-14 entitled "Disbursements made by other parties for the debtor."**

Attach additional pages as needed

**Question 2 - Financing.** During the reporting month, did the debtor receive any funds from an outside funding source, including relatives?

❏ Yes  ☒ No

| Date of Court Approval | Amount | Source of funds | Date Received | . |
|---|---|---|---|---|
| | | | | |
| | Total _____ | | | |

Monthly Financial Report - Individual(s) Not Engaged In Business
United States Trustee - Western District of Washington

Page 6 of 9
(January 2011)

Exhibit C Page 24 of 55

Case 14-45786-PBS    Doc 30    Filed 04/06/15    Ent. 04/06/15 08:47:27    Pg. 57 of 96

## UST-24 PART B, OTHER FINANCIAL DISCLOSURES - INSURANCE & OTHER

| | Yes | No |
| --- | --- | --- |

**Question 3 - Insurance Coverage.**   Did the debtor renew, modify, or replace any insurance policies during this reporting month? ❏  ☒

**Renewals:**

| Provider | New Premium | Is a Copy Attached to this Report? |
| --- | --- | --- |

**Changes:**

| Provider | New Premium | Is a Copy Attached to this Report? |
| --- | --- | --- |

Were any insurance policies canceled or otherwise terminated for any reason during the reporting month?  **If yes, explain.** ❏  ❏

---

**Question 4 - Payments on Pre-Petition Unsecured Debt** (requires court approval).  Did the debtor, or another party on behalf of the debtor, make any payments during this reporting month on pre-petition unsecured debt?  **If yes, disclose each payment and include payee's name and purpose, payment date, dollar amount, and date of court approval.**

No.

---

**Question 5 - Payments to Attorneys and Other Professionals** (requires court approval).  Did the debtor, or another party on behalf of the debtor, make any payments during this reporting month to a professional such as an attorney, accountant, realtor, appraiser, auctioneer, business consultant, or other professional person?  **If yes, list each payment and include professionals name and description of services performed, payment date, dollar amount, and date of court approval.**

| | Payee | Description of Services | Date of Court Approval | Payment Date | Amount |
| --- | --- | --- | --- | --- | --- |
| 1. | | | | | |
| 2 | | | | | |
| 3. | | | | | |
| | | | | Total  $ | |

**Question 6 - Estimated Professional Fees**.  List estimated post-petition professional fees and expenses.   To the extent possible, use billing statements to report the actual amounts due.   If billing statements have not been received, use the best information available to estimate the fees and costs.

$20,000 - Attorney fee, court costs and quarterly report

---

**Question 7 - Significant Events.**   Explain any significant new developments during the reporting month.

---

**Question 8 - Case Progress.**   Explain what progress the debtor made during the reporting month toward confirmation of a plan of reorganization.

Plan to be submitted by mid January

---

Monthly Financial Report - Individual(s) Not Engaged In Business
United States Trustee - Western District of Washington

Exhibit C Page 25 of 55

Page 7 of 9
(January 2011)

Case 14-45786-PBS    Doc 30    Filed 04/06/15    Ent. 04/06/15 08:47:27    Pg. 58 of 96

## Monthly Financial Reports
### (due on the 14th of the subsequent month)

Original Place of Filing:

| Seattle, WA  ▼ | Tacoma, WA  ▼ |
|---|---|
| File the <u>original</u> with the court:: | File the <u>original</u> with the court:: |
| United States Bankruptcy Court<br>United States Courthouse<br>700 Stewart Street, **Suite 6301**<br>**Seattle**, WA 98101 | United States Bankruptcy Court<br>1717 Pacific Avenue, **Suite 2100**<br>**Tacoma**, WA 98402 |

AND serve a <u>copy</u> on each of the following:

- Each member of any committees elected or appointed pursuant to the Bankruptcy Code, and to their authorized agents.
- Debtor's counsel.

NOTE: If the report is electronically filed with the Court, the United States Trustee will be served automatically. There is no need to serve an additional copy on the United States Trustee.

### STATUTORY FEE SCHEDULE

| If the debtor's disbursements for the calendar quarter are within these amounts. . . | | Then the quarterly fee due is. . . |
|---|---|---|
| **From** | **To** | |
| -0- | $14,999.99 | $325 |
| $15,000 | $74,999.99 | $650 |
| $75,000 | $149,999.99 | $975 |
| $150,000 | $224,999.99 | $1,625 |
| $225,000 | $299,999.99 | $1,950 |
| $300,000 | $999,999.99 | $4,875 |
| $1,000,000 | $1,999,999.99 | $6,500 |
| $2,000,000 | $2,999,999.99 | $9,750 |
| $3,000,000 | $4,999,999.99 | $10,400 |
| $5,000,000 | $14,999,999.99 | $13,000 |
| $15,000,000 | $29,999,999.99 | $20,000 |
| $30,000,000 or more | | $30,000 |

| Make check payable to:<br><br>**United States Trustee**<br><br>Mail quarterly fee payments to:<br><br>**US Trustee Program Payment Center<br>PO Box 530202<br>Atlanta, GA  30353-0202** | For calendar quarter ending. . . | A fee payment is due on. . . |
|---|---|---|
| | March 31 | April 30 |
| | June 30 | July 31 |
| | September 30 | October 31 |
| | December 31 | January 31 |

Exhibit C Page 26 of 55
Case 14-45786-PBS   Doc 30   Filed 04/06/15   Ent. 04/06/15 08:47:27   Pg. 59 of 96

**\* \* \* NOTICE OF INTEREST ASSESSMENT \* \* \***

**Pursuant to 31 U.S.C. §3717, the United States Trustee Program will begin assessing interest on unpaid Chapter 11 quarterly fees charged in accordance with 28 U.S.C. §1930(a) effective October 1, 2007. The interest rate assessed is the rate in effect as determined by the Treasury Department at the time your account becomes past due.**

---

**NOTICE**

**DISCLOSURE OF INTENT TO USE TAXPAYER IDENTIFYING NUMBER FOR THE PURPOSE OF COLLECTING AND REPORTING DELINQUENT QUARTERLY FEES OWED TO THE UNITED STATES TRUSTEE PURSUANT TO 28 U.S.C. § 1930(a)(6)**

Please be advised that, pursuant to the Debt Collection Improvements Act of 1996, Public Law 104-134, Title III, § 31001(i)(3)(A), 110 Stat. 1321-365, codified at 31 U.S.C. § 3701, the United States Trustee intends to use the debtor's Taxpayer Identification Number ("TIN") as reported by the debtor or debtor's counsel in connection with the chapter 11 bankruptcy proceedings for the purpose of collecting and reporting on any delinquent debt, including chapter 11 quarterly fees, that are owed to the United States Trustee.

The United States Trustee will provide the debtor's TIN to the Department of Treasury for its use in attempting to collect overdue debts. Treasury may take the following steps: (1) submit the debt to the Internal Revenue Service Offset Program so that the amount owed may be deducted from any payment made by the federal government to the debtor, including but not limited to tax refunds; (2) report the delinquency to credit reporting agencies; (3) send collection notices to the debtor; (4) engage private collection agencies to collect the debt; and, (5) engage the United States Attorney's office to sue for collection. Collection costs will be added to the total amount of the debt.

---

## MONTHLY FINANCIAL REPORT FOR
## INDIVIDUAL(S) NOT ENGAGED IN BUSINESS

Case No.  *14-45786-PBS*   Report Month/Year  *Jan 9 - Feb 9, 2015*

Debtor  *HOANG, THUY LIEN / HUBBARD, MARK*

**INSTRUCTIONS:** The debtor's monthly financial report shall include a cover sheet signed by the debtor and all UST forms and supporting documents. Exceptions, if allowed, are noted in the checklist below. Failure to comply with the reporting requirements of Local Bankruptcy Rule 2015-2(a), or the U.S. Trustee's reporting requirements, is cause for conversion or dismissal of the case.

| | The debtor submits the following with this monthly financial report: | Yes | No |
|---|---|---|---|
| **UST-21** | Comparative Balance Sheet, or debtor's balance sheet. The debtor's balance sheet, if used, shall include a breakdown of pre- and post-petition liabilities. The breakdown may be provided as a separate attachment to the debtor's balance sheet. | ☑ | ☐ |
| **UST-22** | Summary of Receipts | ☑ | ☐ |
| **UST-23** | Summary of Disbursements | ☑ | ☐ |
| **UST-23 Continuation Sheets** | Financial Account Detail A Continuation Sheet shall be completed for each bank account or other source of debtor funds and shall include a copy of the monthly bank statement and supporting documents as described in the instructions. | ☑ | ☐ |
| **UST-24 Part A** | Other Financial Disclosures - Real Estate and Property Sales When applicable, include a report of sale. Attach supporting documents such as an escrow statement for the sale of real property, or an auctioneer's report for property sold at auction. | ☑ | ☐ |
| **UST-24 Part B** | Other Financial Disclosures - Insurance, etc. For any changes or renewals of insurance coverage, include a copy of the new certificate of insurance. | ☑ | ☐ |

---

### DEBTOR'S CERTIFICATION

I certify under penalty of perjury that the information contained in this monthly financial report are complete, true, and accurate to the best of my knowledge, information, and belief.

Signature(s): _____    Date:  *2/10/15*

_____

The debtor, or trustee, if appointed, must sign the monthly financial report.  Debtor's counsel may not sign a financial report for the debtor.

Debtor _HOANG / HUBBARD_

Case Number ➾ 14-95786-PBS

Report Mo/Yr ➾ Jan 2015

## UST-21 STATEMENT OF FINANCIAL CONDITION

INSTRUCTIONS: This balance sheet has been designed for ease of use by debtors not engaged in business. Accordingly, it is not intended to follow standard accounting principles. For funds held in financial institutions or brokerages, the debtor must report the month-end value. For each remaining asset, the debtor may use the value listed in the last filed Schedule A & B, or the current value. Footnotes or explanations, if any, may be attached to this page.

| As of month ending ➾ | 02/09/15 | | |
|---|---|---|---|
| **ASSETS** | | | |
| Cash | 200 | | |
| Checking Account(s) | 1,834.83 | | |
| Savings Account(s) | 1,058.19 | | |
| Investment/Brokerage Account(s) | 292.11 | | |
| IRA/Retirement Account(s) | 204,546.32 | | |
| Remaining Personal Property (per Schedule B but excluding all accounts listed above) | 7,475 | | |
| Real Property (Schedule A) 1. _Home_ 2. 3. 4. (Attach additional sheets if needed) | 412,980 | | |
| Other Assets (list all assets not included above, including assets acquired postpetition, if any) | | | |
| **TOTAL ASSETS** | 628,386.45 | | |
| **LIABILITIES** | | | |
| Pre-petition Liabilities | | | |
| Secured Debt (Schedule D) | 567,042.86 | | |
| Priority Unsecured Debt (Schedule E) | 0 | | |
| Unsecured Debt (Schedule F) | 744,612.13 | | |
| Total Pre-petition Liabilities | 1,311,654.99 | | |
| Post-petition Liabilities | | | |
| Mortgage/Rent Payments Due | 3,541.15 | | |
| Other Secured Debt | 0 | | |
| Unpaid Real Property Taxes | 0 | | |
| Other Unpaid Taxes (specify) | 0 | | |
| Other Unpaid Debts (specify) | 0 | | |
| Total Post-petition Liabilities | 3,541.15 | | |
| **TOTAL LIABILITIES** | 1,315,196.14 | | |
| **NET WORTH (TOTAL ASSETS MINUS TOTAL LIABILITIES)** | (686,809.69) | | |

Monthly Financial Report - Individual(s) Not Engaged in Business
United States Trustee - Western District of Washington

Page 2 of 9
(January 2011)

Debtor  _HOANG/HUBBARD_

Case Number  ⇨  14-45786-PBS

Report Mo/Yr  ⇨  JAN 2015

## UST-22, SUMMARY OF RECEIPTS

**INSTRUCTIONS:** Complete each category and provide the net receipts total for the month. Use the Notes section to explain or itemize receipts when appropriate (e.g., rental income from more that one property).

| Type of Receipt | Gross Amount | Net Amount |
|---|---|---|
| Wages or salary | 32,244.70 | 19,494.9 |
| Social security, pension, or 401k distributions | 0 | 0 |
| Rental income (itemize by property) | 0 | 0 |
| Collection of accounts receivable or note payable (specify source) | 0 | 0 |
| Loan or other financing proceeds (specify source) | 0 | 0 |
| Proceeds from sale of real property | 0 | 0 |
| Proceeds from sale of personal property | 0 | 0 |
| Other (explain) | 0 | 0 |
| TOTAL RECEIPTS FOR THIS MONTH | | 19,494.90 |

Notes:

Exhibit C Page 30 of 55

Debtor ___HOANG / HUBBARD___      Case Number ⇨ _14-45786-PBS_
                                   Report Mo/Yr ⇨ _Jan 2015_

## UST-23, SUMMARY OF DISBURSEMENTS

INSTRUCTIONS: **BEFORE COMPLETING THIS PAGE**, prepare a UST-23 CONTINUATION SHEET (see next page) for each financial account or other source of the debtor's funds. The disbursement total from each CONTINUATION SHEET will be used to complete this SUMMARY OF DISBURSEMENTS page.

QUARTERLY FEES: Each month the debtor must provide an accurate disbursement total for purposes of calculating its obligation to pay statutory fees to the U.S. Trustee pursuant to 28 U.S.C. § 1930 (a)(6). The disbursement total includes all payments made by the bankruptcy estate during the reporting month, whether made by the debtor or another party for the debtor. It includes checks written and cash payments. It also includes payments made pursuant to a sale or liquidation of the debtor's assets. Typically, the only transactions excluded from the disbursement total are transfers among estate accounts during the same reporting month.

A fee payment is due 30 days after the end of each calendar quarter, or on **April 30, July 31, October 31, and January 31**, respectively. The debtor is reminded that the initial fee billing for each quarter is only an _estimate_*. Accordingly, when payment is due the debtor is responsible for calculating disbursements for the entire quarter (or portion thereof the debtor is in Chapter 11) and for paying the correct fee. Failure to pay statutory fees to the U.S. Trustee is cause for conversion or dismissal of the case. If you have questions about how to compute the disbursement total, please call the Bankruptcy Analyst assigned to your case at (206) 553-2000. Finally, a copy of the statutory fee schedule is attached to this report.

* By necessity, the fee billings are processed before the due date for the debtor's last monthly financial report for the quarter. Upon receipt of the debtor's report for the third month of the quarter, the U.S. Trustee adjusts the amount billed for that quarter, as appropriate.

### Summary of Disbursements

| | |
|---|---|
| Total disbursements from all UST-23 Continuation Sheet(s) | 16,919.48 |
| Cash payments not included in total above (if any) | 300.00 |
| Disbursements made by another party on behalf of the debtor (if any) | Ø |
| Disbursements made pursuant to a sale of the debtor's assets (if any) | Ø |
| TOTAL DISBURSEMENTS THIS MONTH FROM ALL SOURCES | 17,219.48 |

At the end of this reporting month, did the debtor have any **delinquent** statutory fees owing to the U.S. Trustee?
Yes ☐  No ☒   **If "Yes", list each quarter that is delinquent and the amount due.**

(UST-23 CONTINUATION SHEETS, with attachments, should follow this page.)

Monthly Financial Report - Individual(s) Not Engaged In Business          Page 4 of 9
United States Trustee - Western District of Washington                    (January 2011)

Exhibit C Page 31 of 55
Case 14-45786-PBS   Doc 30   Filed 04/06/15   Ent. 04/06/15 08:47:27   Pg. 64 of 96

Debtor  *HOANG / HUBBARD*

Case Number ⇨ *14-45786-PBS*
Report Mo/Yr ⇨ *Jan 2015*

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| Depository (bank) name ⇨ Account number ⇨ | *Wells Fargo 0672* | |
|---|---|---|
| **Purpose of this account (select one):**<br>☒ Checking<br>☐ Savings<br>☐ Investment/brokerage<br>☐ IRA/retirement<br>☐ Funds held in trust by debtor's attorney<br>☐ Other (explain) _____ | | |
| Beginning cash balance | | *2,111.39* |
| Add: | Transfers in from other accounts | *Ø* |
| | Loan or financing proceeds deposited to this account (identify source) | *Ø* |
| | Other receipts deposited to this account | *19,494.90* |
| Total cash available this month | | |
| Subtract: | Transfers out to other accounts | *800.01* |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | ⇨ *17,219.48*<br><br>Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of **UST-23, Summary of Disbursements.** |
| Adjustments, if any (explain) | | *Ø* |
| Ending cash balance | | *1834.83* |

| | Yes | No |
|---|---|---|
| Does this CONTINUATION SHEET include the following supporting documents, as required: | | |
| A monthly bank statement (or attorney's trust account statement); | ☒ | ☐ |
| If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ☐ | ☐ |

UST-23 CONTINUATION SHEET, Number __1__ of __6__

Debtor ___HOANG / HUBBARD___

Case Number ⇨ 14-45786-PBS

Report Mo/Yr ⇨ JAN 2015

## UST-23 CONTINUATION SHEET,  FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| Depository (bank) name ⇨ | Wells Fargo |
|---|---|
| Account number ⇨ | |

Purpose of this account (select one):
☐ Checking
☑ Savings
☐ Investment/brokerage
☐ IRA/retirement
☐ Funds held in trust by debtor's attorney
☐ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | 363.18 |
| Add: | Transfers in from other accounts | 800.01 |
| | Loan or financing proceeds deposited to this account (identify source) | ∅ |
| | Other receipts deposited to this account | ∅ |
| Total cash available this month | | 1,163.19 |
| Subtract: | Transfers out to other accounts | ∅ |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | ⇨ 105.00 |
| | | Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of **UST-23, Summary of Disbursements.** |
| Adjustments, if any (explain) | | ∅ |
| Ending cash balance | | 1,058.19 |

Does this CONTINUATION SHEET include the following supporting documents, as required:         Yes    No

·   A monthly bank statement (or attorney's trust account statement);                          ☑     ☐
·   If applicable, a detailed statement of funds received or disbursed by another party for the debtor.    ☐     ☐

UST-23 CONTINUATION SHEET, Number __2__ of __6__

Debtor _HOANG HUBBARD_

Case Number ⇨ _14 - 45786 -PBS_
Report Mo/Yr ⇨ _Jan 208_

## UST-23 CONTINUATION SHEET,  FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| Depository (bank) name ⇨<br>Account number ⇨ | _Ameritrade_  _3097_ |
|---|---|

Purpose of this account (select one):
- ❏ Checking
- ❏ Savings
- ☒ Investment/brokerage
- ❏ IRA/retirement
- ❏ Funds held in trust by debtor's attorney
- ❏ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | _324.11_ |
| Add: | Transfers in from other accounts | _0_ |
| | Loan or financing proceeds deposited to this account (identify source) | _0_ |
| | Other receipts deposited to this account | _0_ |
| Total cash available this month | | _326.11_ |
| Subtract: | Transfers out to other accounts | _0_ |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | ⇨ _0_<br><br>Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of **UST-23, Summary of Disbursements.** |
| Adjustments, if any (explain) _Fluctuation in Stock Value_ | | _- 34_ |
| Ending cash balance | | _292.11_ |

Does this CONTINUATION SHEET include the following supporting documents, as required:          Yes          No

- A monthly bank statement (or attorney's trust account statement);          ☒          ❏
- If applicable, a detailed statement of funds received or disbursed by another party for the debtor.          ❏          ❏

UST-23 CONTINUATION SHEET, Number ___3___ of ___6___

Debtor  *HOANE / HUBBARD*

Case Number ⇨ *14-45786-PBS*

Report Mo/Yr ⇨ *Jan 2015*

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| Depository (bank) name ⇨<br>Account number ⇨ | *FRANKLIN TEMPLETON 3251* |
|---|---|

Purpose of this account (select one):
☐ Checking
☐ Savings
☐ Investment/brokerage
☒ IRA/retirement
☐ Funds held in trust by debtor's attorney
☐ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | *92,211.80* |
| Add: | Transfers in from other accounts | *∅* |
| | Loan or financing proceeds deposited to this account (identify source) | *∅* |
| | Other receipts deposited to this account | *∅* |
| Total cash available this month | | *92,211.80* |
| Subtract: | Transfers out to other accounts | |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | ⇨ *∅*<br><br>Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of **UST-23, Summary of Disbursements.** |
| Adjustments, if any (explain) *Fluctuation in Stock Value* | | *2,086.75* |
| Ending cash balance | | *94,298.55* |

| Does this CONTINUATION SHEET include the following supporting documents, as required: | Yes | No |
|---|---|---|
| • A monthly bank statement (or attorney's trust account statement); | ☑ | ☐ |
| • If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ☐ | ☐ |

UST-23 CONTINUATION SHEET, Number __4__ of __6__

Debtor  _HOANG-/HUBBARD_          Case Number ⇨ _14-45786-PBS_
                                  Report Mo/Yr ⇨ _Jan 2015_

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| Depository (bank) name ⇨ | _FRANKLIN TEMPLETON_ | _4493_ |
|---|---|---|
| Account number ⇨ | | |

Purpose of this account (select one):
- ☐ Checking
- ☐ Savings
- ☐ Investment/brokerage
- ☒ IRA/retirement
- ☐ Funds held in trust by debtor's attorney
- ☐ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | _21,647.84_ |
| Add: | Transfers in from other accounts | _∅_ |
| | Loan or financing proceeds deposited to this account (identify source) | _∅_ |
| | Other receipts deposited to this account | _∅_ |
| Total cash available this month | | _21,647.84_ |
| Subtract: | Transfers out to other accounts | _∅_ |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | ⇨ _∅_ <br><br> Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of **UST-23, Summary of Disbursements.** |
| Adjustments, if any (explain) _Fluctuation to Stock Value_ | | _437.91_ |
| Ending cash balance | | _22,085.75_ |

| Does this CONTINUATION SHEET include the following supporting documents, as required: | Yes | No |
|---|---|---|
| A monthly bank statement (or attorney's trust account statement); | ☒ | ☐ |
| If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ☐ | ☐ |

UST-23 CONTINUATION SHEET, Number __5__ of __6__

Debtor _HOANG / HUBBARD_

Case Number ⇨ _14-45786-PBS_
Report Mo/Yr ⇨ _JAN 2015_

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| Depository (bank) name ⇨ | _Fidelity_ |
|---|---|
| Account number ⇨ | |

Purpose of this account (select one):
- ☐ Checking
- ☐ Savings
- ☐ Investment/brokerage
- ☒ IRA/retirement
- ☐ Funds held in trust by debtor's attorney
- ☐ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | _82,042.54_ |
| Add: | Transfers in from other accounts | _∅_ |
| | Loan or financing proceeds deposited to this account (identify source) | _∅_ |
| | Other receipts deposited to this account | _5,519.48_ |
| Total cash available this month | | _88,162.02_ |
| Subtract: | Transfers out to other accounts | |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | ⇨ _∅_ <br><br> Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of **UST-23, Summary of Disbursements.** |
| Adjustments, if any (explain) | | _∅_ |
| Ending cash balance | | _88,162.02_ |

Does this CONTINUATION SHEET include the following supporting documents, as required:      Yes    No

- • A monthly bank statement (or attorney's trust account statement);     ☑   ☐
- • If applicable, a detailed statement of funds received or disbursed by another party for the debtor.   ☐   ☐

UST-23 CONTINUATION SHEET, Number ___6___ of ___6___

Debtor   _HOANG / HUBBARD_

Case Number  ⇨  _14-45786-PBS_
Report Mo/Yr  ⇨  _Jan 2015_

## UST-24 PART A, OTHER FINANCIAL DISCLOSURES - PROPERTY SALES

**INSTRUCTIONS:** Fully answer each question and attach additional sheets if necessary to provide a complete response.

|  | Yes | No |
|---|---|---|

**Question 1 - Sale or Abandonment of the Debtor's Assets.** Did the debtor, or another party on behalf of the debtor, sell, transfer, or otherwise dispose of any of the debtor's assets during the reporting month? Include only sales out of the ordinary course. *An escrow statement or similar supporting document must be attached for any sale of real estate and show all disbursements from the gross sale amount including debt payoffs and sales commissions.*

Yes: ☐   No: ☑

| Asset Description | Date of Court Approval | Closing Date | Method of Disposition | Gross Sales Price | Net Proceeds Received (&Date) | Escrow Statement or Auctioneers Report Attached? |
|---|---|---|---|---|---|---|
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |

Total _____   _____

Any disbursements made from escrow or trust accounts from the proceeds of the above transactions should also be included on the line of UST-23 entitled "Disbursements made by other parties for the debtor."

Attach additional pages as needed

**Question 2 - Financing.** During the reporting month, did the debtor receive any funds from an outside funding source, including relatives?

Yes: ☐   No: ☑

| Date of Court Approval | Amount | Source of funds | Date Received | |
|---|---|---|---|---|
| | | | | |

Total _____

Exhibit C Page 38 of 55
Case 14-45786-PBS   Doc 30   Filed 04/06/15   Ent. 04/06/15 08:47:27   Pg. 71 of 96

Debtor  *HOANG / HUBBARD*

Case Number  ⇨  *14-4578-PBS*
Report Mo/Yr  ⇨  *JAN 2015*

---

## UST-24 PART B, OTHER FINANCIAL
## DISCLOSURES - INSURANCE & OTHER

|  | Yes | No |
|---|---|---|
| **Question 3 - Insurance Coverage.** Did the debtor renew, modify, or replace any insurance policies during this reporting month? | ☐ | ☑ |

**Renewals:**
   Provider          New Premium          Is a Copy Attached to this Report?

**Changes:**
   Provider          New Premium          Is a Copy Attached to this Report?

| Were any insurance policies canceled or otherwise terminated for any reason during the reporting month? **If yes, explain.** | ☐ | ☐ |

---

**Question 4 - Payments on Pre-Petition Unsecured Debt** (requires court approval). Did the debtor, or another party on behalf of the debtor, make any payments during this reporting month on pre-petition unsecured debt? **If yes, disclose each payment and include payee's name and purpose, payment date, dollar amount, and date of court approval.**

*No*

---

**Question 5 - Payments to Attorneys and Other Professionals** (requires court approval). Did the debtor, or another party on behalf of the debtor, make any payments during this reporting month to a professional such as an attorney, accountant, realtor, appraiser, auctioneer, business consultant, or other professional person? **If yes, list each payment and include professionals name and description of services performed, payment date, dollar amount, and date of court approval.**

| | Payee | Description of Services | Date of Court Approval | Payment Date | Amount |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | *No* | | |
| 3. | | | | | |

Total  $_____

---

**Question 6 - Estimated Professional Fees.** List estimated post-petition professional fees and expenses. To the extent possible, use billing statements to report the actual amounts due. If billing statements have not been received, use the best information available to estimate the fees and costs.

*$ 20,000  Attorney Fee + court cost + quarterly report fee*

---

**Question 7 - Significant Events.** Explain any significant new developments during the reporting month.

*Ø*

---

**Question 8 - Case Progress.** Explain what progress the debtor made during the reporting month toward confirmation of a plan of reorganization.

*Plan submitted and awaiting vote by creditors*

---

Monthly Financial Report - Individual(s) Not Engaged In Business
United States Trustee - Western District of Washington

Page 7 of 9
(January 2011)

| | | |
|---|---|---|
| | Case Number | ⇒ |
| Debtor _____ | Report Mo/Yr | ⇒ |

## Monthly Financial Reports
(due on the 14th of the subsequent month)

Original Place of Filing:

| Seattle, WA ▼ | Tacoma, WA ▼ |
|---|---|
| File the original with the court:: | File the original with the court:: |
| United States Bankruptcy Court<br>United States Courthouse<br>700 Stewart Street, Suite 6301<br>Seattle, WA 98101 | United States Bankruptcy Court<br>1717 Pacific Avenue, Suite 2100<br>Tacoma, WA 98402 |

AND serve a copy on each of the following:

- Each member of any committees elected or appointed pursuant to the Bankruptcy Code, and to their authorized agents.
- Debtor's counsel.

NOTE: If the report is electronically filed with the Court, the United States Trustee will be served automatically. There is no need to serve an additional copy on the United States Trustee.

| STATUTORY FEE SCHEDULE | | |
|---|---|---|
| If the debtor's disbursements for the calendar quarter are within these amounts. . . | | Then the quarterly fee due is. . . |
| From | To | |
| -0- | $14,999.99 | $325 |
| $15,000 | $74,999.99 | $650 |
| $75,000 | $149,999.99 | $975 |
| $150,000 | $224,999.99 | $1,625 |
| $225,000 | $299,999.99 | $1,950 |
| $300,000 | $999,999.99 | $4,875 |
| $1,000,000 | $1,999,999.99 | $6,500 |
| $2,000,000 | $2,999,999.99 | $9,750 |
| $3,000,000 | $4,999,999.99 | $10,400 |
| $5,000,000 | $14,999,999.99 | $13,000 |
| $15,000,000 | $29,999,999.99 | $20,000 |
| $30,000,000 or more | | $30,000 |

| Make check payable to: | For calendar quarter ending. . . | A fee payment is due on. . . |
|---|---|---|
| **United States Trustee** | March 31 | April 30 |
| Mail quarterly fee payments to: | June 30 | July 31 |
| **US Trustee Program Payment Center**<br>PO Box 530202<br>Atlanta, GA 30353-0202 | September 30 | October 31 |
| | December 31 | January 31 |

Send your payment and quarterly fee payment stub ONLY. Any disbursement stubs, monthly operating reports, correspondence, court notices, etc., sent to the lockbox will be destroyed.

Monthly Financial Report - Individual(s) Not Engaged In Business
United States Trustee - Western District of Washington

Page 8 of 9
(January 2011)

| | | |
|---|---|---|
| | Case Number ⇨ | |
| Debtor _____ | Report Mo/Yr ⇨ | |

### *** NOTICE OF INTEREST ASSESSMENT ***

**Pursuant to 31 U.S.C. §3717, the United States Trustee Program will begin assessing interest on unpaid Chapter 11 quarterly fees charged in accordance with 28 U.S.C. §1930(a) effective October 1, 2007. The interest rate assessed is the rate in effect as determined by the Treasury Department at the time your account becomes past due.**

---

**NOTICE**

**DISCLOSURE OF INTENT TO USE TAXPAYER IDENTIFYING NUMBER FOR THE PURPOSE OF COLLECTING AND REPORTING DELINQUENT QUARTERLY FEES OWED TO THE UNITED STATES TRUSTEE PURSUANT TO 28 U.S.C. § 1930(a)(6)**

Please be advised that, pursuant to the Debt Collection Improvements Act of 1996, Public Law 104-134, Title III, § 31001(i)(3)(A), 110 Stat. 1321-365, codified at 31 U.S.C. § 3701, the United States Trustee intends to use the debtor's Taxpayer Identification Number ("TIN") as reported by the debtor or debtor's counsel in connection with the chapter 11 bankruptcy proceedings for the purpose of collecting and reporting on any delinquent debt, including chapter 11 quarterly fees, that are owed to the United States Trustee.

The United States Trustee will provide the debtor's TIN to the Department of Treasury for its use in attempting to collect overdue debts. Treasury may take the following steps: (1) submit the debt to the Internal Revenue Service Offset Program so that the amount owed may be deducted from any payment made by the federal government to the debtor, including but not limited to tax refunds; (2) report the delinquency to credit reporting agencies; (3) send collection notices to the debtor; (4) engage private collection agencies to collect the debt; and, (5) engage the United States Attorney's office to sue for collection. Collection costs will be added to the total amount of the debt.

---

# MONTHLY FINANCIAL REPORT FOR
## INDIVIDUAL(S) NOT ENGAGED IN BUSINESS

Case No.  _14- 45786-PBS_        Report Month/Year  _Feb 2015_

Debtor  _HOANG, THUY LIEN / HUBBARD, MARK_

**INSTRUCTIONS:** The debtor's monthly financial report shall include a cover sheet signed by the debtor and all UST forms and supporting documents. Exceptions, if allowed, are noted in the checklist below. Failure to comply with the reporting requirements of Local Bankruptcy Rule 2015-2(a), or the U.S. Trustee's reporting requirements, is cause for conversion or dismissal of the case.

The debtor submits the following with this monthly financial report:

| | | Yes | No |
|---|---|---|---|
| **UST-21** | **Comparative Balance Sheet**, or debtor's balance sheet.<br>The debtor's balance sheet, if used, shall include a breakdown of pre- and post-petition liabilities. The breakdown may be provided as a separate attachment to the debtor's balance sheet. | ☒ | ☐ |
| **UST-22** | **Summary of Receipts** | ☒ | ☐ |
| **UST-23** | **Summary of Disbursements** | ☒ | ☐ |
| **UST-23**<br>Continuation<br>Sheets | **Financial Account Detail**<br>A Continuation Sheet shall be completed for each bank account or other source of debtor funds and shall include a copy of the monthly bank statement and supporting documents as described in the instructions. | ☒ | ☐ |
| **UST-24**<br>Part A | **Other Financial Disclosures - Real Estate and Property Sales**<br>When applicable, include a report of sale. Attach supporting documents such as an escrow statement for the sale of real property, or an auctioneer's report for property sold at auction. | ☒ | ☐ |
| **UST-24**<br>Part B | **Other Financial Disclosures - Insurance, etc.**<br>For any changes or renewals of insurance coverage, include a copy of the new certificate of insurance. | ☒ | ☐ |

---

### DEBTOR'S CERTIFICATION

I certify under penalty of perjury that the information contained in this monthly financial report are complete, true, and accurate to the best of my knowledge, information, and belief.

Signature(s):                                    Date:  _3/10/15_

_3/10/15_

The debtor, or trustee if appointed, must sign the monthly financial report. **Debtor's counsel may not sign a financial report for the debtor.**

Debtor  _HOANG / HUBBARD_

Case Number ⇨ _14-45786-PBS_

Report Mo/Yr ⇨ _Feb 2015_

## UST- 21 STATEMENT OF FINANCIAL CONDITION

INSTRUCTIONS: This balance sheet has been designed for ease of use by debtors not engaged in business. Accordingly, it is not intended to follow standard accounting principles. For funds held in financial institutions or brokerages, the debtor must report the month-end value. For each remaining asset, the debtor may use the value listed in the last filed Schedule A & B, or the current value. Footnotes or explanations, if any, may be attached to this page.

| As of month ending ⇨ | 03/09/15 | | |
|---|---|---|---|
| **ASSETS** | | | |
| Cash | 300 | | |
| Checking Account(s) | 3,037.47 | | |
| Savings Account(s) | 1,053.20 | | |
| Investment/Brokerage Account(s) | 315.11 | | |
| IRA/Retirement Account(s) | 208,279.61 | | |
| Remaining Personal Property (per Schedule B but excluding all accounts listed above) | 7,475 | | |
| Real Property (Schedule A) | | | |
| 1. _HOME_ | 412,980 | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| (Attach additional sheets if needed) | | | |
| Other Assets (list all assets not included above, including assets acquired postpetition, if any) | 0 | | |
| **TOTAL ASSETS** | 633,440.39 | | |
| **LIABILITIES** | | | |
| Pre-petition Liabilities | | | |
| Secured Debt (Schedule D) | 567,042.86 | | |
| Priority Unsecured Debt (Schedule E) | 0 | | |
| Unsecured Debt (Schedule F) | 744,612.13 | | |
| Total Pre-petition Liabilities | 1,311,654.99 | | |
| Post-petition Liabilities | | | |
| Mortgage/Rent Payments Due | 3,541.15 | | |
| Other Secured Debt | 0 | | |
| Unpaid Real Property Taxes | 0 | | |
| Other Unpaid Taxes (specify) | 0 | | |
| Other Unpaid Debts (specify) | 0 | | |
| Total Post-petition Liabilities | 3,541.15 | | |
| **TOTAL LIABILITIES** | 1,315,196.14 | | |
| **NET WORTH (TOTAL ASSETS MINUS TOTAL LIABILITIES)** | (681,755.75) | | |

Exhibit C Page 43 of 55
Case 14-45786-PBS    Doc 30    Filed 04/06/15    Ent. 04/06/15 08:47:27    Pg. 76 of 96

Debtor  _HOANG / HUBBARD_

Case Number ⇨ _14 - 45786 - PBS_
Report Mo/Yr ⇨ _Feb 2015_

## UST-22, SUMMARY OF RECEIPTS

INSTRUCTIONS:  Complete each category and provide the net receipts total for the month.  Use the Notes section to explain or itemize receipts when appropriate (e.g., rental income from more that one property).

| Type of Receipt | Gross Amount | Net Amount |
|---|---|---|
| Wages or salary | 22,246.93 | 13,414.84 |
| Social security, pension, or 401k distributions | | |
| Rental income (itemize by property) | | |
| Collection of accounts receivable or note payable (specify source) | | |
| Loan or other financing proceeds (specify source) | | |
| Proceeds from sale of real property | | |
| Proceeds from sale of personal property | | |
| Other (explain)   See below | | 3,174.24 |
| TOTAL RECEIPTS FOR THIS MONTH | | 16,589.08 |

Notes:

Payment for buy out from previous employer.
We were partners at the Vancouver Clinic and
this was part of payment from buy out of
building when we quit.

Debtor  *HOANE / HUBBARD*

Case Number ⇨ *14-45786-PBS*
Report Mo/Yr ⇨ *Feb 2015*

## UST-23, SUMMARY OF DISBURSEMENTS

INSTRUCTIONS: BEFORE COMPLETING THIS PAGE, prepare a UST-23 CONTINUATION SHEET (see next page) for each financial account or other source of the debtor's funds. The disbursement total from each CONTINUATION SHEET will be used to complete this SUMMARY OF DISBURSEMENTS page.

QUARTERLY FEES: Each month the debtor must provide an accurate disbursement total for purposes of calculating its obligation to pay statutory fees to the U.S. Trustee pursuant to 28 U.S.C. § 1930 (a)(6). The disbursement total includes all payments made by the bankruptcy estate during the reporting month, whether made by the debtor or another party for the debtor. It includes checks written and cash payments. It also includes payments made pursuant to a sale or liquidation of the debtor's assets. Typically, the only transactions excluded from the disbursement total are transfers among estate accounts during the same reporting month.

A fee payment is due 30 days after the end of each calendar quarter, or on **April 30**, **July 31**, **October 31**, and **January 31**, respectively. The debtor is reminded that the initial fee billing for each quarter is only an estimate*. Accordingly, when payment is due the debtor is responsible for calculating disbursements for the entire quarter (or portion thereof the debtor is in Chapter 11) and for paying the correct fee. Failure to pay statutory fees to the U.S. Trustee is cause for conversion or dismissal of the case. If you have questions about how to compute the disbursement total, please call the Bankruptcy Analyst assigned to your case at (206) 553-2000. Finally, a copy of the statutory fee schedule is attached to this report.

* By necessity, the fee billings are processed before the due date for the debtor's last monthly financial report for the quarter. Upon receipt of the debtor's report for the third month of the quarter, the U.S. Trustee adjusts the amount billed for that quarter, as appropriate.

**Summary of Disbursements**

| | |
|---|---|
| Total disbursements from all UST-23 Continuation Sheet(s) | *16,186.44* |
| Cash payments not included in total above (if any) | *300.00* |
| Disbursements made by another party on behalf of the debtor (if any) | *Ø* |
| Disbursements made pursuant to a sale of the debtor's assets (if any) | *Ø* |
| TOTAL DISBURSEMENTS THIS MONTH FROM ALL SOURCES | *16,486.44* |

At the end of this reporting month, did the debtor have any delinquent statutory fees owing to the U.S. Trustee?
Yes ☐   No ☒   If "Yes", list each quarter that is delinquent and the amount due.

(UST-23 CONTINUATION SHEETS, with attachments, should follow this page.)

Exhibit C Page 45 of 55
Case 14-45786-PBS    Doc 30    Filed 04/06/15    Ent. 04/06/15 08:47:27    Pg. 78 of 96

Debtor  *HOANG / HUBBARD*

Case Number ⇨ *14 - 45786-PBS*
Report Mo/Yr ⇨ *Feb 2015*

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

Depository (bank) name ⇨ *Wells Fargo    0672*
Account number ⇨

Purpose of this account (select one):
☒ Checking
☐ Savings
☐ Investment/brokerage
☐ IRA/retirement
☐ Funds held in trust by debtor's attorney
☐ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | *1,834.83* |
| Add: | Transfers in from other accounts | *800.00* |
| | Loan or financing proceeds deposited to this account (identify source) | *Ø* |
| | Other receipts deposited to this account | *17,389.08* |
| Total cash available this month | | |
| Subtract: | Transfers out to other accounts | *800.00* |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | ⇨ *16,186.44* |

Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of UST-23, **Summary of Disbursements.**

| | |
|---|---|
| Adjustments, if any (explain) | *Ø* |
| Ending cash balance | *3,037.47* |

Does this CONTINUATION SHEET include the following supporting documents, as required:                    Yes    No

- A monthly bank statement (or attorney's trust account statement);    ☒    ☐
- If applicable, a detailed statement of funds received or disbursed by another party for the debtor.    ☐    ☐

UST-23 CONTINUATION SHEET, Number __1__ of __6__

Debtor  *HOANG / HUBBARD*

Case Number ⟶ *14-45786-PBS*
Report Mo/Yr ⟶ *Feb 2015*

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| | |
|---|---|
| **Depository (bank) name** ⟶ | *Wells Fargo    9444* |
| **Account number** ⟶ | |

Purpose of this account (select one):
- ❏ Checking
- ☒ Savings
- ❏ Investment/brokerage
- ❏ IRA/retirement
- ❏ Funds held in trust by debtor's attorney
- ❏ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | *1058,19* |
| Add: | Transfers in from other accounts | *800,01* |
| | Loan or financing proceeds deposited to this account (identify source) | *∅* |
| | Other receipts deposited to this account | *∅* |
| Total cash available this month | | |
| Subtract: | Transfers out to other accounts | *805,00* |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | ⟶ *∅* |

Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of **UST-23, Summary of Disbursements.**

| | |
|---|---|
| Adjustments, if any (explain)  *interest* | *0,01* |
| Ending cash balance | *1053,20* |

| Does this CONTINUATION SHEET include the following supporting documents, as required: | Yes | No |
|---|---|---|
| A monthly bank statement (or attorney's trust account statement): | ☒ | ❏ |
| If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ❏ | ❏ |

UST-23 CONTINUATION SHEET, Number _2_ of _6_

Debtor  *HOANG / HUBBARD*          Case Number → *14-45786-PBS*
                                   Report Mo/Yr → *Feb 2015*

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| | |
|---|---|
| Depository (bank) name → | *Ameritrade  3097* |
| Account number → | |

Purpose of this account (select one):
- ☐ Checking
- ☐ Savings
- ☒ Investment/brokerage
- ☐ IRA/retirement
- ☐ Funds held in trust by debtor's attorney
- ☐ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | *292.11* |
| Add: | Transfers in from other accounts | *∅* |
| | Loan or financing proceeds deposited to this account (identify source) | *∅* |
| | Other receipts deposited to this account | *∅* |
| Total cash available this month | | |
| Subtract: | Transfers out to other accounts | *∅* |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | *∅*  Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of UST-23, Summary of Disbursements. |
| Adjustments, if any (explain) *adjustment for stock* | | *$23* |
| Ending cash balance  *fluctuation* | | *315.11* |

Does this CONTINUATION SHEET include the following supporting documents, as required:     Yes     No

- A monthly bank statement (or attorney's trust account statement);   ☒ ☐
- If applicable, a detailed statement of funds received or disbursed by another party for the debtor.  ☐ ☐

UST-23 CONTINUATION SHEET, Number  *3*  of  *6*

Debtor  _HOANG / HUBBARD_

Case Number  →  _14-45786-PBS_
Report Mo/Yr  →  _Feb 205_

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| Depository (bank) name  →  _FRANKLIN TEMPLETON 3251_ |
| Account number  → |

Purpose of this account (select one):
☐ Checking
☐ Savings
☐ Investment/brokerage
☒ IRA/retirement
☐ Funds held in trust by debtor's attorney
☐ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | 92 12/1.80 |
| Add: | Transfers in from other accounts | 0 |
| | Loan or financing proceeds deposited to this account (identify source) | 0 |
| | Other receipts deposited to this account | 0 |
| Total cash available this month | | 92,211.80 |
| Subtract: | Transfers out to other accounts | 0 |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | → 0 |
| | | Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of **UST-23, Summary of Disbursements.** |
| Adjustments, if any (explain)   _Fluctuation in Stock value_ | | 2,084.75 |
| Ending cash balance | | 94,298.55 |

| Does this CONTINUATION SHEET include the following supporting documents, as required: | Yes | No |
|---|---|---|
| A monthly bank statement (or attorney's trust account statement); | | ☒ |
| If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ☐ | ☐ |

UST-23 CONTINUATION SHEET, Number __4__ of __6__

Debtor  *HOANG / HUBBARD*

Case Number  ⇨  *14-45786-PBS*
Report Mo/Yr  ⇨  *Feb 2015*

### UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| | |
|---|---|
| **Depository (bank) name** ⇨ | *FRANKLIN TEMPLETON  4493* |
| **Account number** ⇨ | |

Purpose of this account (select one):
❏ Checking
❏ Savings
❏ Investment/brokerage
☒ IRA/retirement
❏ Funds held in trust by debtor's attorney
❏ Other (explain) _____

| | | |
|---|---|---|
| Beginning cash balance | | *21,647.84* |
| Add: | Transfers in from other accounts | *0* |
| | Loan or financing proceeds deposited to this account (identify source) | *0* |
| | Other receipts deposited to this account | *0* |
| Total cash available this month | | *21,647.84* |
| Subtract: | Transfers out to other accounts | *0* |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | ⇨  *0* |
| | | Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of **UST-23, Summary of Disbursements.** |
| Adjustments, if any (explain) *Fluctuation in Stock Value* | | *437.91* |
| Ending cash balance | | *22,085.75* |

| Does this CONTINUATION SHEET include the following supporting documents, as required: | Yes | No |
|---|---|---|
| A monthly bank statement (or attorney's trust account statement); | | ☒ |
| If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ❏ | ❏ |

UST-23 CONTINUATION SHEET, Number  _5_  of  _6_

Debtor   *HOANG / HUBBARD*

Case Number ⟶ *14 - 45786 - PBS*
Report Mo/Yr ⟶ *Feb 2015*

## UST-23 CONTINUATION SHEET, FINANCIAL ACCOUNT DETAIL

**INSTRUCTIONS:** Prepare a CONTINUATION SHEET for each financial or brokerage account or other source of the debtor's funds and attach supporting documents as indicated on the checklist below.

| | |
|---|---|
| **Depository (bank) name** ⟶ <br> **Account number** ⟶ | *Fidelity* |

Purpose of this account (select one):
❑ Checking
❑ Savings
❑ Investment/brokerage
☒ IRA/retirement
❑ Funds held in trust by debtor's attorney
❑ Other (explain) _____

| | | | |
|---|---|---|---|
| Beginning cash balance | | | *88,162.02* |
| Add: | Transfers in from other accounts | | *0* |
| | Loan or financing proceeds deposited to this account (identify source) | | *0* |
| | Other receipts deposited to this account | | *3,770.52* |
| Total cash available this month | | | *91,895.31* |
| Subtract: | Transfers out to other accounts | | *0* |
| | Disbursements from this account (all checks written for the month plus cash withdrawals, if any) | ⟶ | *0* |
| | | | Include this number when calculating "Total disbursements from all UST-23 Continuation Sheets" on line 1 of **UST-23, Summary of Disbursements.** |
| Adjustments, if any (explain) *Fluctuation in Stock Value* | | | *962.77* |
| Ending cash balance | | | *91,895.31* |

| Does this CONTINUATION SHEET include the following supporting documents, as required: | Yes | No |
|---|---|---|
| · A monthly bank statement (or attorney's trust account statement); | ☒ | ❑ |
| · If applicable, a detailed statement of funds received or disbursed by another party for the debtor. | ❑ | ❑ |

UST-23 CONTINUATION SHEET, Number __6__ of __6__

| | |
|---|---|
| Debtor   *HOANG / HUBBARD* | Case Number ⇒ *14-45786-PBS* |
| | Report Mo/Yr ⇒ *Feb 2015* |

## UST-24 PART A, OTHER FINANCIAL DISCLOSURES - PROPERTY SALES

**INSTRUCTIONS:** Fully answer each question and attach additional sheets if necessary to provide a complete response.

| | Yes | No |
|---|---|---|

**Question 1 - Sale or Abandonment of the Debtor's Assets.** Did the debtor, or another party on behalf of the debtor, sell, transfer, or otherwise dispose of any of the debtor's assets during the reporting month? Include only sales out of the ordinary course. *An escrow statement or similar supporting document must be attached for any sale of real estate and show all disbursements from the gross sale amount including debt payoffs and sales commissions.*

Yes ☐    No ☒

| Asset Description | Date of Court Approval | Closing Date | Method of Disposition | Gross Sales Price | Net Proceeds Received (&Date) | Escrow Statement or Auctioneers Report Attached? |
|---|---|---|---|---|---|---|
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |
| | | | Total _____ | _____ | | |

Any disbursements made from escrow or trust accounts from the proceeds of the above transactions should also be included on the line of UST-23 entitled "Disbursements made by other parties for the debtor."

Attach additional pages as needed

**Question 2 - Financing.** During the reporting month, did the debtor receive any funds from an outside funding source, including relatives?

Yes ☐    No ☒

| Date of Court Approval | Amount | Source of funds | Date Received |
|---|---|---|---|
| | | | |
| | Total _____ | | |

Debtor  *HOANG / HUBBARD*

Case Number ⇨  *14-4578-PBS*
Report Mo/Yr ⇨  *Feb 2015*

## UST-24 PART B, OTHER FINANCIAL DISCLOSURES - INSURANCE & OTHER

|  | Yes | No |
|---|---|---|
| **Question 3 - Insurance Coverage.** Did the debtor renew, modify, or replace any insurance policies during this reporting month? | ☐ | ☒ |

**Renewals:**

| Provider | New Premium | Is a Copy Attached to this Report? |
|---|---|---|

**Changes:**

| Provider | New Premium | Is a Copy Attached to this Report? |
|---|---|---|

| Were any insurance policies canceled or otherwise terminated for any reason during the reporting month? **If yes, explain.** | ☐ | ☐ |

**Question 4 - Payments on Pre-Petition Unsecured Debt** (requires court approval). Did the debtor, or another party on behalf of the debtor, make any payments during this reporting month on pre-petition unsecured debt? **If yes, disclose each payment and include payee's name and purpose, payment date, dollar amount, and date of court approval.**

*No*

**Question 5 - Payments to Attorneys and Other Professionals** (requires court approval). Did the debtor, or another party on behalf of the debtor, make any payments during this reporting month to a professional such as an attorney, accountant, realtor, appraiser, auctioneer, business consultant, or other professional person? **If yes, list each payment and include professionals name and description of services performed, payment date, dollar amount, and date of court approval.**

| | Payee | Description of Services | Date of Court Approval | Payment Date | Amount |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2 | | *No* | | | |
| 3. | | | | | |

Total $_____

**Question 6 - Estimated Professional Fees.** List estimated <u>post-petition</u> professional fees and expenses. To the extent possible, use billing statements to report the actual amounts due. If billing statements have not been received, use the best information available to estimate the fees and costs.

*$20,000      Attorney Fee + court cost + quarterly report fee*

**Question 7 - Significant Events.** Explain any significant new developments during the reporting month.

*Ø*

**Question 8 - Case Progress.** Explain what progress the debtor made during the reporting month toward confirmation of a plan of reorganization.

*Awaiting for approval of Plan*

| | | |
|---|---|---|
| | Case Number ⇨ | 14-45786-pbs |
| Debtor   Hoang/Hubbard | Report Mo/Yr ⇨ | February 2015 |

## Monthly Financial Reports
(due on the 14th of the subsequent month)

Original Place of Filing:

| Seattle, WA  ▼ | Tacoma, WA  ▼ |
|---|---|
| File the underline original with the court:: | File the underline original with the court:: |
| United States Bankruptcy Court<br>United States Courthouse<br>700 Stewart Street, **Suite 6301**<br>**Seattle**, WA 98101 | United States Bankruptcy Court<br>1717 Pacific Avenue, **Suite 2100**<br>**Tacoma**, WA 98402 |

AND serve a copy on each of the following:

- Each member of any committees elected or appointed pursuant to the Bankruptcy Code, and to their authorized agents.
- Debtor's counsel.

NOTE:  If the report is electronically filed with the Court, the United States Trustee will be served automatically. There is no need to serve an additional copy on the United States Trustee.

### STATUTORY FEE SCHEDULE

| If the debtor's disbursements for the calendar quarter are within these amounts. . . | | Then the quarterly fee due is. . . |
|---|---|---|
| **From** | **To** | |
| -0- | $14,999.99 | $325 |
| $15,000 | $74,999.99 | $650 |
| $75,000 | $149,999.99 | $975 |
| $150,000 | $224,999.99 | $1,625 |
| $225,000 | $299,999.99 | $1,950 |
| $300,000 | $999,999.99 | $4,875 |
| $1,000,000 | $1,999,999.99 | $6,500 |
| $2,000,000 | $2,999,999.99 | $9,750 |
| $3,000,000 | $4,999,999.99 | $10,400 |
| $5,000,000 | $14,999,999.99 | $13,000 |
| $15,000,000 | $29,999,999.99 | $20,000 |
| $30,000,000 or more | | $30,000 |

| Make check payable to:<br><br>**United States Trustee**<br><br>Mail quarterly fee payments to:<br><br>**US Trustee Program Payment Center**<br>**PO Box 530202**<br>**Atlanta, GA  30353-0202** | For calendar quarter ending. . . | A fee payment is due on. . . |
|---|---|---|
| | March 31 | April 30 |
| | June 30 | July 31 |
| | September 30 | October 31 |
| | December 31 | January 31 |

Send your payment and quarterly fee payment stub *ONLY*.  Any disbursement stubs, monthly operating reports, correspondence, court notices, etc., sent to the lockbox **will be destroyed.**

| | | | |
|---|---|---|---|
| | | Case Number  ⇨ | 14-45786-pbs |
| Debtor | Hoang/Hubbard | Report Mo/Yr  ⇨ | February 2015 |

# *** NOTICE OF INTEREST ASSESSMENT ***

Pursuant to 31 U.S.C. §3717, the United States Trustee Program will begin assessing interest on unpaid Chapter 11 quarterly fees charged in accordance with 28 U.S.C. §1930(a) effective October 1, 2007. The interest rate assessed is the rate in effect as determined by the Treasury Department at the time your account becomes past due.

---

## NOTICE

DISCLOSURE OF INTENT TO USE TAXPAYER IDENTIFYING NUMBER FOR THE PURPOSE OF COLLECTING AND REPORTING DELINQUENT QUARTERLY FEES OWED TO THE UNITED STATES TRUSTEE PURSUANT TO 28 U.S.C. § 1930(a)(6)

Please be advised that, pursuant to the Debt Collection Improvements Act of 1996, Public Law 104-134, Title III, § 31001(i)(3)(A), 110 Stat. 1321-365, codified at 31 U.S.C. § 3701, the United States Trustee intends to use the debtor's Taxpayer Identification Number ("TIN") as reported by the debtor or debtor's counsel in connection with the chapter 11 bankruptcy proceedings for the purpose of collecting and reporting on any delinquent debt, including chapter 11 quarterly fees, that are owed to the United States Trustee.

The United States Trustee will provide the debtor's TIN to the Department of Treasury for its use in attempting to collect overdue debts. Treasury may take the following steps: (1) submit the debt to the Internal Revenue Service Offset Program so that the amount owed may be deducted from any payment made by the federal government to the debtor, including but not limited to tax refunds; (2) report the delinquency to credit reporting agencies; (3) send collection notices to the debtor; (4) engage private collection agencies to collect the debt; and, (5) engage the United States Attorney's office to sue for collection. Collection costs will be added to the total amount of the debt.

---

**In re: Thuy Lien Hoang and Mark Joseph Hubbard**
**Case No. 14-45786-PBS**

**DEBTORS' DISCLOSURE STATEMENT**

**EXHIBIT D – DEBTORS' PROJECTED INCOME AND EXPENSES AFTER
CONFIRMATION**

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Thuy Lien Hoang** |
| Debtor 2<br>(Spouse, if filing) | **Mark Joseph Hubbard** |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF WASHINGTON |
| Case number<br>(If known) | **14-45786** |

Check if this is:

■ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

MM / DD/ YYYY

## Official Form B 6I

## Schedule I: Your Income                                          12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:     Describe Employment

**1. Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>■ Not employed |
| Occupation | **Physician** | |
| Employer's name | **Providence Medical Group** | |
| Employer's address | **PO Box 13993**<br>**Portland, OR 97213-0993** | |
| How long employed there? | **2 1/2 years** | |

### Part 2:     Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ **22,901.00** | $ **0.00** |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ **0.00** | +$ **0.00** |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ **22,901.00** | $ **0.00** |

|  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Copy line 4 here** | 4. | $ **22,901.00** | $ **0.00** |
| **5. List all payroll deductions:** | | | |
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ **6,523.00** | $ **0.00** |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ **0.00** | $ **0.00** |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ **3,265.00** | $ **0.00** |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ **0.00** | $ **0.00** |
| 5e. **Insurance** | 5e. | $ **158.00** | $ **0.00** |
| 5f. **Domestic support obligations** | 5f. | $ **0.00** | $ **0.00** |
| 5g. **Union dues** | 5g. | $ **0.00** | $ **0.00** |
| 5h. **Other deductions.** Specify: _____ | 5h.+ | $ **0.00** + | $ **0.00** |
| **6. Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ **9,946.00** | $ **0.00** |
| **7. Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ **12,955.00** | $ **0.00** |

**8. List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ **0.00** | $ **0.00** |
| 8b. **Interest and dividends** | 8b. | $ **0.00** | $ **0.00** |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ **0.00** | $ **0.00** |
| 8d. **Unemployment compensation** | 8d. | $ **0.00** | $ **0.00** |
| 8e. **Social Security** | 8e. | $ **0.00** | $ **0.00** |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $ **0.00** | $ **0.00** |
| 8g. **Pension or retirement income** | 8g. | $ **0.00** | $ **0.00** |
| 8h. **Other monthly income.** Specify: _____ | 8h.+ | $ **0.00** + | $ **0.00** |
| **9. Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ **0.00** | $ **0.00** |
| **10. Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ **12,955.00** + $ **0.00** | = $ **12,955.00** |

**11. State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____                                                                 11. +$ **0.00**

**12. Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies                                 12. $ **12,955.00**
**Combined monthly income**

**13. Do you expect an increase or decrease within the year after you file this form?**
■ No.
☐ Yes. Explain: _____

| | |
|---|---|
| Debtor 1 | **Thuy Lien Hoang** |
| Debtor 2 (Spouse, if filing) | **Mark Joseph Hubbard** |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF WASHINGTON |
| Case number (If known) | **14-45786** |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

## Official Form B 6J
# Schedule J: Your Expenses                    12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

**1.  Is this a joint case?**

☐ No. Go to line 2.

■ Yes. **Does Debtor 2 live in a separate household?**

■ No

☐ Yes. Debtor 2 must file a separate Schedule J.

**2.  Do you have dependents?**    ☐ No

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

■ Yes.  Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Daughter | 1 | ☐ No  ■ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

**3.  Do your expenses include expenses of people other than yourself and your dependents?**

■ No
☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

| | | **Your expenses** |
|---|---|---|
| **4.  The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4.  $ | **2,933.00** |
| **If not included in line 4:** | | |
| 4a.    Real estate taxes | 4a.  $ | **675.00** |
| 4b.    Property, homeowner's, or renter's insurance | 4b.  $ | **0.00** |
| 4c.    Home maintenance, repair, and upkeep expenses | 4c.  $ | **250.00** |
| 4d.    Homeowner's association or condominium dues | 4d.  $ | **0.00** |
| **5.  Additional mortgage payments for your residence,** such as home equity loans | 5.  $ | **497.00** |

6. **Utilities:**

| | | | | |
|---|---|---|---|---|
| 6a. | Electricity, heat, natural gas | 6a. | $ | 200.00 |
| 6b. | Water, sewer, garbage collection | 6b. | $ | 75.00 |
| 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 370.00 |
| 6d. | Other. Specify: **Cell Phones** | 6d. | $ | 170.00 |
| | **Propane** | | $ | 200.00 |

| | | | | |
|---|---|---|---|---|
| 7. | **Food and housekeeping supplies** | 7. | $ | 1,000.00 |
| 8. | **Childcare and children's education costs** | 8. | $ | 2,200.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | 300.00 |
| 10. | **Personal care products and services** | 10. | $ | 100.00 |
| 11. | **Medical and dental expenses** | 11. | $ | 300.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | 450.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | 200.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ | 100.00 |

15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

| | | | | |
|---|---|---|---|---|
| 15a. | Life insurance | 15a. | $ | 0.00 |
| 15b. | Health insurance | 15b. | $ | 0.00 |
| 15c. | Vehicle insurance | 15c. | $ | 203.00 |
| 15d. | Other insurance. Specify: **Disability and critical illness** | 15d. | $ | 352.00 |
| | **Long Term Disability** | | $ | 100.00 |

| | | | | |
|---|---|---|---|---|
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ | 0.00 |

17. **Installment or lease payments:**

| | | | | |
|---|---|---|---|---|
| 17a. | Car payments for Vehicle 1 | 17a. | $ | 0.00 |
| 17b. | Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| 17c. | Other. Specify: | 17c. | $ | 0.00 |
| 17d. | Other. Specify: | 17d. | $ | 0.00 |

| | | | | |
|---|---|---|---|---|
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).** | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: **Support for Elderly Mother** | 19. | $ | 500.00 |

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.***

| | | | | |
|---|---|---|---|---|
| 20a. | Mortgages on other property | 20a. | $ | 0.00 |
| 20b. | Real estate taxes | 20b. | $ | 0.00 |
| 20c. | Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| 20d. | Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| 20e. | Homeowner's association or condominium dues | 20e. | $ | 0.00 |

| | | | | |
|---|---|---|---|---|
| 21. | **Other:** Specify: **Gym membership** | 21. | +$ | 30.00 |

| | | | | |
|---|---|---|---|---|
| 22. | **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. | 22. | $ | 11,205.00 |

23. **Calculate your monthly net income.**

| | | | | |
|---|---|---|---|---|
| 23a. | Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | 12,955.00 |
| 23b. | Copy your monthly expenses from line 22 above. | 23b. | -$ | 11,205.00 |
| 23c. | Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | 1,750.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.
Explain:

**In re: Thuy Lien Hoang and Mark Joseph Hubbard**
**Case No. 14-45786-PBS**

**DEBTORS' DISCLOSURE STATEMENT**

**EXHIBIT E – LIQUIDATION ANALYSIS**

**Exhibit E – Liquidation Analysis**

**What Unsecured Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: 17710 SE Evergreen, Vancouver, Washington

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amount of Exemption | Net Proceeds (not less than zero) |
|---|---|---|---|---|---|
| $604,850 | $567,042 | $36,291 | $0 | $125,000 | $0 |

Personal Property:

| Description | Liquidation Value | Secured Claim | Amount of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash and Cash Equivalents | $6,304 | $0 | $4,728 | $1,576 |
| 2008 Lexus 400H | $25,000 | $0 | $6,500 | $18,500 |
| 2007 Ford F150 | $7,000 | $0 | $0 | $7,000 |
| 1998 Nissan 240S | $3,000 | $0 | $0 | $3,000 |
| Household Furnishings, Apparel, and Coin Collection | $4,800 | $0 | $4,800 | $0 |
| Furs and Jewelry | $2,000 | $0 | $2,000 | $0 |
| Firearms and Sporting Goods | $1,325 | $0 | $200 | $1,125 |
| Stocks / Investments | $2,300 | $0 | $500 | $1,700 |
| Retirement Accounts | $196,364 | $0 | $196,364 | $0 |
| Anticipated Tax Refund | $6,131 | $0 | $1,500 | $4,631 |
| Utility Security Deposit | $250 | $0 | $0 | $250 |
| TOTAL | $254,474 | $0 | $216,592 | $37,782 |
| Net Proceeds of Real Property and Personal Property | | | | $37,782 |

| | | |
|---|---|---|
| Recovery from Preferences / Fraudulent Conveyances | | $0 |
| Chapter 7 Administrative Claims | [SUBTRACT] | $0 |
| Chapter 11 Administrative Claims | [SUBTRACT] | $0 |
| Priority Claims | [SUBTRACT] | $0 |
| Chapter 7 Trustee Fees | [SUBTRACT] | ($4,528.20) |
| Chapter 7 Trustee's Professionals | [SUBTRACT] | $0 |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS IN CHAPTER 7 | | $33,253.80 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $744,612 |
| Proposed Distribution to Unsecured Creditors Under Proposed Plan | $105,000 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 14.10% |
| Available Distribution to Unsecured Creditors in Chapter 7 Case | $33,253.80 |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 4.45% |